11 P.3d 489

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Thomas Eugene KERLEY,
Defendant–Appellant.**

No. 25674.

Court of Appeals of Idaho.

Sept. 18, 2000.

Ronaldo A. Coulter, State Appellate Public Defender; Sara B. Thomas, Deputy Appellate Public Defender, Boise, for appellant. Sara B. Thomas argued.

Hon. Alan G. Lance, Attorney General; Karen A. Hudelson, Deputy Attorney General, Boise, for respondent. Karen A. Hudelson argued.

PERRY, Chief Judge.

Thomas Eugene Kerley appeals from the district court's denial of his motion to suppress evidence. We reverse and remand.

## I.

## BACKGROUND

At approximately midnight on December 4, 1997, a Boise police officer stopped a pickup because the registration sticker in the vehicle's rear window was illegible and the vehicle was being driven in excess of the posted speed limit. The officer exited his patrol car and approached the vehicle. The officer observed three individuals in the vehicle and smelled the odor of alcohol through the vehicle's open window. The right window passenger in the vehicle orally identified himself as Thomas Kerley and provided a date of birth and social security number. The officer returned to his patrol car and radioed police dispatch, which notified the officer that there was an outstanding warrant for a "Toby Kerley." The information provided by police dispatch revealed that the warrant was for a man with the same general physical description as Kerley and date of birth. The social security number on the warrant, however, was different by one or two digits from that provided by Kerley. Police dispatch also informed the officer that the warrant was for a man with a scar on his right forearm.

The officer returned to the vehicle, but did not request to see Kerley's right forearm at this time. Instead, the officer asked Kerley to walk to the rear of the patrol car. Kerley complied. The female driver and the middle passenger remained in the pickup. Another officer arrived on the scene and frisked Kerley for weapons before requesting to see Kerley's forearm to check for a scar. During the frisk, the officer discovered a small glass

vial containing methamphetamine. At some later time, the officers learned that the outstanding warrant did not apply to Kerley.[1]

Kerley was charged with felony possession of methamphetamine, I.C. § 37–2732(c); misdemeanor possession of marijuana, I.C. § 37–2732(c); and misdemeanor possession of drug paraphernalia, I.C. § 37–2734A. Kerley filed a motion to suppress evidence. Rather than introducing any new evidence at the suppression hearing, the parties relied exclusively upon the transcript of the preliminary hearing. After the parties were given an opportunity to file additional briefing, the district court denied Kerley's motion to suppress. Pursuant to an I.C.R. 11 plea agreement, Kerley entered a conditional guilty plea to felony possession of methamphetamine, reserving the right to appeal the district court's denial of his suppression motion. The state dismissed the remaining charges. The district court sentenced Kerley to a unified term of five years, with a minimum period of confinement of one year. The district court suspended the sentence and placed Kerley on probation for five years. Kerley appeals.

## II.

## ANALYSIS

### A. Standard of Review

■ The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that were supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct.App.1996).

### B. Frisk

■ On appeal, Kerley argues that the district court erred in denying his motion to suppress. Kerley contends that the officers were not justified in frisking him for weapons and that the evidence discovered during the

1. The state explained at the suppression hearing that the warrant was actually intended for Ker-

ley's twin brother.

frisk should have been suppressed by the district court.[2] A warrantless search is presumptively unreasonable unless it falls within certain special and well-delineated exceptions to the warrant requirement. *Coolidge v. New Hampshire,* 403 U.S. 443, 454–55, 91 S.Ct. 2022, 2031–32, 29 L.Ed.2d 564, 575–76 (1971); *State v. Ferreira,* 133 Idaho 474, 479, 988 P.2d 700, 705 (Ct.App.1999). In *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), the United States Supreme Court created a stop-and-frisk exception to the Fourth Amendment warrant requirement. The stop and the frisk constitute two independent actions, each requiring a distinct and separate justification. *State v. Babb,* 133 Idaho 890, 892, 994 P.2d 633, 635 (Ct.App. 2000); *State v. Fleenor,* 133 Idaho 552, 556, 989 P.2d 784, 788 (Ct.App.1999).

■ The stop is justified if there is a reasonable and articulable suspicion that the individual has committed or is about to commit a crime. *Florida v. Royer,* 460 U.S. 491, 103 S.Ct. 1319, 75 L.Ed.2d 229 (1983); *Terry,* 392 U.S. at 30, 88 S.Ct. at 1884, 20 L.Ed.2d at 911; *State v. DuValt,* 131 Idaho 550, 553, 961 P.2d 641, 644 (1998); *Ferreira,* 133 Idaho at 479, 988 P.2d at 705. However, merely because there are reasonable grounds to justify a lawful investigatory stop, such grounds do not automatically justify a frisk for weapons. *Babb,* 133 Idaho at 892, 994 P.2d at 635. An officer may frisk an individual if the officer can point to specific and articulable facts that would lead a reasonably prudent person to believe that the individual with whom the officer is dealing may be armed and presently dangerous and nothing in the initial stages of the encounter serves to dispel this belief. *Terry,* 392 U.S. at 27, 88 S.Ct at 1883, 20 L.Ed.2d at 909; *Babb,* 133 Idaho at 892, 994 P.2d at 635; *Fleenor,* 133 Idaho at 555, 989 P.2d at 787. In our analysis of a frisk, we look to the facts known to the officer on the scene and the inferences of risk of danger reasonably drawn from the totality of those specific circumstances. *Babb,* 133 Idaho at 892, 994 P.2d at 635; *Fleenor,* 133 Idaho at 555, 989 P.2d at 787. *See also State*

*v. Muir,* 116 Idaho 565, 567–68, 777 P.2d 1238, 1240–41 (Ct.App.1989).

■ In the instant case, the vehicle was stopped at midnight and contained three individuals. A second officer arrived on the scene. Kerley was directed to exit the vehicle, and the others were asked to remain seated. Kerley fully complied. The officer testified at the preliminary hearing that Kerley was wearing "winter clothing." However, because no further evidence was adduced at the suppression hearing, there is no evidence describing the clothing with any greater particularity. The officers did not know the nature of the charge in the outstanding warrant. Moreover, much of what objective information the officers did know about the warrant suggested that it did not apply to Kerley. There is no evidence suggesting that Kerley was uncooperative, that he had a propensity for violence, or that there were suspicious bulges in his clothing. In addition, the officer who frisked Kerley testified that he had no information prior to the frisk to indicate that Kerley was armed. Based upon the totality of the circumstances known to the officers on the scene, we conclude that a reasonably prudent person would have no cause to believe that Kerley was armed and dangerous. Thus, the district court erred in determining that the officers were justified in frisking Kerley and in denying Kerley's motion to suppress on that ground.

## C. Alternative Theories

■ On appeal, the state raises two alternative theories in support of the district court's denial of Kerley's motion to suppress. Where a ruling in a criminal case is correct, though based upon an incorrect reason, it still may be sustained upon an alternative theory. *State v. Murphy,* 129 Idaho 861, 863, 934 P.2d 34, 36 (Ct.App.1997); *State v. Pierce,* 107 Idaho 96, 102, 685 P.2d 837, 843 (Ct.App.1984). The alternative theory need not have been raised before the trial court.[3] *See Murphy,* 129 Idaho at 863, 934 P.2d at

---

2. Kerley does not challenge the stop of the vehicle or his detention prior to the frisk.

3. We also note that in many cases the parties do not present the necessary evidence at the suppression hearing relative to alternative theories subsequently argued on appeal.

36; *State v. Shepherd*, 118 Idaho 121, 124, 795 P.2d 15, 18 (Ct.App.1990).

### 1. Search incident to arrest

 As an alternative theory, the state contends that the frisk of Kerley was justified as a search incident to arrest. A warrantless search is presumptively unreasonable unless it falls within certain special and well-delineated exceptions to the warrant requirement. *Coolidge v. New Hampshire*, 403 U.S. 443, 454–55, 91 S.Ct. 2022, 2031–32, 29 L.Ed.2d 564, 575–76 (1971); *State v. Ferreira*, 133 Idaho 474, 479, 988 P.2d 700, 705 (Ct.App.1999). A search incident to a valid arrest is among those exceptions, and thus does not violate the Fourth Amendment proscription against unreasonable searches. *Chimel v. California*, 395 U.S. 752, 762–63, 89 S.Ct. 2034, 2039–40, 23 L.Ed.2d 685, 693–94 (1969); *State v. Moore*, 129 Idaho 776, 781, 932 P.2d 899, 904 (Ct.App.1996). Pursuant to this exception, the police may search an arrestee incident to a lawful custodial arrest. *United States v. Robinson*, 414 U.S. 218, 235, 94 S.Ct 467, 476, 38 L.Ed.2d 427, 440 (1973); *Moore*, 129 Idaho at 781, 932 P.2d at 904; *Shepherd*, 118 Idaho at 122, 795 P.2d at 16. "The permissible scope and purposes of a search incident to an arrest is not limited to the removal of weapons but includes the discovery and seizures of evidence of crime and articles of value which, if left in the arrestee's possession, might be used to facilitate his escape." *Moore*, 129 Idaho at 781, 932 P.2d at 904.

 The officers in the instant case would not have been justified in frisking Kerley if probable cause did not exist to arrest him prior to the frisk. Probable cause is "the possession of information that would lead a person of ordinary care and prudence to believe or entertain an honest and strong presumption that such person is guilty." *State v. Julian*, 129 Idaho 133, 137, 922 P.2d 1059, 1063 (1996). In analyzing whether probable cause existed, this Court must determine whether the facts available to the officers at the moment of the search warranted a person of reasonable caution to believe that the action taken was appropriate. *Julian*, 129 Idaho at 137, 922 P.2d at 1063;

*State v. Hobson*, 95 Idaho 920, 925, 523 P.2d 523, 528 (1974). The application of probable cause to arrest must allow room for some mistakes by the arresting officer; however, the mistakes must be those of reasonable men, acting on facts leading sensibly to their conclusion of probability. *Klingler v. United States*, 409 F.2d 299, 304 (8th Cir.1969); *Julian*, 129 Idaho at 137, 922 P.2d at 1063. The facts making up a probable cause determination are viewed from an objective standpoint. *Julian*, 129 Idaho at 137, 922 P.2d at 1063.

 Prior to the frisk of Kerley, the officers were aware that there was an outstanding warrant for a person with the same last name, the same description, and the same date of birth as that provided by Kerley. However, the officers were also informed that the warrant was for a man with the first name of "Toby," that the man had a scar on his right forearm, and that the social security number on the warrant was different from that provided by Kerley. The totality of this information may have raised sufficient suspicion to continue investigating whether Kerley was the subject of the outstanding warrant. However, the information was insufficient to cause a reasonable person to believe that an arrest was warranted absent further investigation. We conclude that probable cause to arrest did not exist prior to the frisk of Kerley. Consequently, the district court's denial of Kerley's motion to suppress cannot be affirmed on that ground.

### 2. Consent to search

As an additional alternative theory, the state argues that the district court correctly denied Kerley's motion to suppress, even in light of the unlawful frisk, because Kerley consented to the removal of the evidence from his pocket. Although Kerley concedes that he consented to the removal of the item from his pocket, he argues that his consent did not remove the taint from unlawful frisk.

 Consent to search does not expunge the taint of unlawful police activity where the events are irrevocably intertwined. *State v. Weber*, 116 Idaho 449, 453, 776 P.2d 458, 462 (1989); *State v. Barwick*, 94 Idaho 139, 142, 483 P.2d 670, 673 (1971). If this

Court determines that the consent to search was derived by exploitation of the unlawful police conduct, the consent will not purge, from the discovered evidence, the taint of the unlawful police conduct. *See Wong Sun v. United States,* 371 U.S. 471, 478–88, 83 S.Ct. 407, 412–18, 9 L.Ed.2d 441, 449–55 (1963); *State v. Radford,* 134 Idaho 187, 193, 998 P.2d 80, 86 (2000). Relevant factors include the presence of intervening circumstances and the length of time between the consent and the frisk. *See Radford,* 134 Idaho at 193–94, 998 P.2d at 86–87.

As determined above, the officer in the instant case unlawfully frisked Kerley. During the frisk, the officer felt an object in Kerley's pants pocket and asked what the object was. Kerley answered that the object was a bolt. The officer responded that he did not believe Kerley and asked if he could remove the object from his pants pocket. Kerley consented. A review of these facts reveals that Kerley's consent flowed directly from the officer's unlawful frisk. There was no appreciable lapse of time between the frisk and Kerley's consent. We conclude that the events were irrevocably intertwined and that Kerley's consent, therefore, did not purge the taint of the unlawful frisk. Consequently, the district court's denial of Kerley's motion to suppress cannot be affirmed on that ground.

## III.

### CONCLUSION

Based upon the foregoing discussion, we conclude that the officers were not justified in frisking Kerley for weapons. We also conclude that the district court's denial of Kerley's motion to suppress cannot be affirmed on the alternative grounds proposed by the state. Consequently, the district court's order denying Kerley's motion to suppress is reversed, and the case is remanded.

Judge SCHWARTZMAN and Judge Pro Tem GUTIERREZ concur.