**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 35297**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2010 Unpublished Opinion No. 470 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: May 18, 2010 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| GLENN E. WRIGHT, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Lansing L. Haynes, District Judge.

Judgment of conviction for felony indecent exposure, affirmed.

Molly J. Huskey, State Appellate Public Defender; Eric D. Fredericksen, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

_____

PERRY, Judge Pro Tem

Glenn E. Wright appeals from his judgment of conviction and sentence for felony indecent exposure, Idaho Code Section 18-4116. We affirm.

On August 11, 2007, the Kootenai County Sheriff's Office was dispatched to a mobile home park near Post Falls due to a complaint of indecent exposure. Upon arrival the officer was informed by the complaining witness that Wright had been standing naked in his front window exposing himself to her and waving her over. She further claimed that after some time Wright returned to the window and began masturbating.

The state charged Wright with one count of felony indecent exposure. The basis for enhancing the offense to a felony was an allegation that Wright had been convicted of a prior indecent exposure within the last five years. *See* I.C. § 18-4116. Wright proceeded to trial and was found guilty by a jury on the underlying offense. Wright then waived his right to have the jury determine whether he had previously been convicted of indecent exposure. The

1

enhancement was tried to the district court which entered a finding that the state proved beyond a reasonable doubt that Wright had been so convicted. The district court sentenced Wright to a unified term of seven years with two years determinate and five years indeterminate. Wright's sentence was suspended and he was placed on probation for a period of three years. Wright then filed this appeal.[1]

On appeal Wright challenges the sufficiency of the evidence of the prior conviction for indecent exposure used to enhance this current offense to a felony. Wright also asserts that his sentence is excessive.

Appellate review of the sufficiency of the evidence is limited in scope. A finding of guilt will not be overturned on appeal where there is substantial evidence upon which a reasonable trier of fact could have found that the prosecution sustained its burden of proving the essential elements of a crime beyond a reasonable doubt. *State v. Herrera-Brito*, 131 Idaho 383, 385, 957 P.2d 1099, 1101 (Ct. App. 1998); *State v. Knutson*, 121 Idaho 101, 104, 822 P.2d 998, 1001 (Ct. App. 1991). We will not substitute our view for that of the trier of fact as to the credibility of the witnesses, the weight to be given to the testimony, and the reasonable inferences to be drawn from the evidence. *Id.*; *State v. Decker*, 108 Idaho 683, 684, 701 P.2d 303, 304 (Ct. App. 1985). Moreover, we will consider the evidence in the light most favorable to the prosecution. *Herrera-Brito*, 131 Idaho at 385, 957 P.2d at 1101; *Knutson*, 121 Idaho at 104, 822 P.2d at 1001.

Here Wright challenges the district court's admission of state's Exhibit No. 3, a certified copy of a judgment of conviction entered against a "Glenn Edward Wright" in November 2005, for indecent exposure. Wright argues that the state failed to sufficiently prove that he was the same person as the one designated by this exhibit. Therefore, Wright claims there was insufficient evidence for the district court to find that Wright had previously been convicted of indecent exposure enhancing the current offense to a felony.

At the court trial on the enhancement portion of the information, the state called Sergeant Jovick of the Kootenai County Jail. Officer Jovick testified that he completed the booking procedures for Wright in August 2007. Through his testimony the state admitted Exhibit No. 1, the booking information sheet for this offense. It included the following information:

---

[1]    During the pendency of Wright's appeal he admitted to violating his probation and was sent to the retained jurisdiction program. Following his completion of the program, the district court again suspended the sentence and placed Wright on probation for two years.

```
Name:        Glenn Edward Wright
Address:     3957 E. Mullan Ave #45, Post Falls, ID 83854
S.S.No.:     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
DOB:         Sept. 11, 1959
D.L.No.:     CA1084811
```

Next the state offered Exhibit No. 3, the certified copy of the 2005 judgment of conviction. It included the following:

```
Name:        Glenn Edward Wright
Address:     3579 E. Mullan Ave #45, Post Falls, ID 83854
S.S.No.:     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
DOB:         Sept. 11, 1959
D.L.No.:     CA1084811
```

(Emphasis added.) Counsel for Wright objected to the admission of Exhibit No. 3, which the district court overruled.

The state then questioned Officer Jovick as to the discrepancy in the address given for Wright. Officer Jovick testified that the address for the East Mullan Avenue location had been changed more than once during the countywide change to a 911 enhancement system that had began to take place about two years earlier. He further testified that at one time there were two different addresses for the same trailer park before it had again been changed back to only one address.

At the conclusion of the state's evidence the district court determined that, as to the social security number, the number was so close that the reasonable explanation for the difference of the one number was that it was a typographical or clerical error. As to the address the court concluded that the disparity could be reasonably explained as either a transposed number or by the officer's testimony concerning the 911 enhancement and the changes that occurred in relation to it. The district court then found that the state had met its burden to prove Wright's previous conviction.

Wright's argument on appeal fails to recognize the evidence supporting the district court's determination. Exhibit No. 3 shows that a person with an identical name and date of birth along with the same driver's license number had been convicted of the previous indecent exposure. Further, although there are two non-identical factors, the district court had testimony before it setting forth a reasonable explanation for the discrepancy in the address. It is for the trier of fact to judge the weight and credibility to be given to any evidence. As to the difference

in one number on the social security number, the inference provided by the district court has not been shown to be unreasonable. Accordingly, Wright has failed to show error in the admission of state's Exhibit No. 3 by the district court.

Wright argues that his case is similar to *State v. Kerley*, 134 Idaho 870, 11 P.3d 489 (Ct. App. 2000). *Kerley*, however, was a case involving what information was provided to an officer at the scene of a traffic stop and whether that information was sufficient to justify an arrest. Here, the court was provided with competent evidence explaining the discrepancies that Wright argues was missing in *Kerley*. We are unpersuaded by his comparison of the two situations.

We conclude that the district court did not err in the admission of state's Exhibit No. 3. Accordingly, the evidence was sufficient to prove that Wright had been previously convicted of indecent exposure.

Wright next challenges his sentence as excessive. Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of a sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Wright claims that the district court did not adequately consider the mitigating factors present in his case. A review of the sentencing transcript belies this assertion. The district court thoroughly discussed its reasons for the sentence imposed and noted the factors relevant to its determination. Wright has failed to show error.

Wright's judgment of conviction and sentence for felony indecent exposure are affirmed.

Judge GUTIERREZ and Judge MELANSON **CONCUR.**