Judge GUTIERREZ,
specially concurring.
I write separately because I believe that the state failed to establish that Moran-Soto’s consent to search his pocket was voluntary. At the hearing on the motion to suppress, the officers testified that, upon discovering what appeared to be methamphetamine on the bar, they told everyone in the bar to remain where they were. The officers then began to question the bartender and the man at the bar. One officer testified that the bartender did not wish to be detained and was therefore placed in handcuffs and separated from the man at the bar, who was also handcuffed. The majority states that this case is unlike the circumstances in Jaborra because no physical contact occurred between Moran-Soto and the officers. However, the record reveals that there was a physical scuffle between the bartender and the officers prior to the officers’ investigation of Moran-Soto. Moran-Soto was present during the scuffle, and it was reasonable for him to conclude that he was required to cooperate with police or would otherwise be handcuffed. Further, similar to the circumstances in Jaborra, the officer in this ease confiscated Moran-Soto’s identification when the officer placed the Mexican identification car'd on the bar after reviewing it and did not return it to Moran-Soto. Based on the actions of the officers, it is unlikely that Moran-Soto understood his right to refuse consent to the search of his pocket. In light of these circumstances, I conclude that the state has failed to establish that Moran-Soto’s consent to the search of his pocket was not the result of duress or coercion. Therefore, in my view, the officer’s search of Moran-Soto’s pocket was illegal.
Nevertheless, I would affirm Moran-Soto’s conviction on the alternative basis that the state met its burden to demonstrate that the evidence discovered during the illegal search of Moran-Soto’s pocket would have inevitably been discovered by officers. The exclusionary rule is the judicial remedy for addressing illegal searches and bars the admission or use of evidence gathered pursuant to the illegal search. See Stuart v. State, 136 Idaho 490, 496, 36 P.3d 1278, 1284 (2001). An exception to the exclusionary rule is the inevitable discovery doctrine. Id. The inevitable discovery doctrine applies when a preponderance of the evidence demonstrates that the information would have inevitably been discovered by lawful methods. Nix v. Williams, 467 U.S. 431, 444, 104 S.Ct. 2501, 2509, 81 L.Ed.2d 377, 387-88 (1984); State v. Gibson, 141 Idaho 277, 286 n. 4, 108 P.3d 424, 433 n. 4 (Ct.App.2005).
In this case, the district court determined in the alternative that the officers had probable cause to arrest Moran-Soto and would have inevitably discovered the methamphetamine during a lawful search incident to arrest. Probable cause is the possession of information that would lead a person of ordinary care and prudence to believe or entertain an honest and strong presumption that a person they have placed under arrest is guilty of a crime. See State v. Julian, 129 Idaho 133, 136, 922 P.2d 1059, 1062 (1996). Probable cause is not measured by the same level of proof required for conviction. Id. Rather, probable cause deals with the factual and practical considerations on which reasonable and prudent persons act. Brinegar v. United, States, 338 U.S. 160, 175, 69 S.Ct. 1302, 1310, 93 L.Ed. 1879, 1890 (1949); Julian, 129 Idaho at 136, 922 P.2d at 1062. When reviewing an officer’s actions, the court must judge the facts against an objective standard. Julian, 129 Idaho at 136, 922 P.2d at 1062. That is, would the facts available to the officer, at the moment of the seizure or search, warrant a reasonable per *183 son in holding the belief that the action taken was appropriate. Id. A probable cause analysis must allow room for mistakes on the part of the arresting officer but only the mistakes of a reasonable person acting on facts which sensibly led to his or her conclusions of probability. State v. Kerley, 134 Idaho 870, 874, 11 P.3d 489, 493 (Ct.App.2000).
The officers testified that they observed what appeared to be methamphetamine on the bar near where Moran-Soto was seated. In addition, one officer testified that the man at the bar stated that Moran-Soto had attempted to sell him methamphetamine. Such evidence supports a reasonable belief that Moran-Soto was guilty of selling or possessing methamphetamine. Therefore, the officers had probable cause to arrest Moran-Soto and would have discovered the methamphetamine in his pocket during a lawful search incident to arrest. The district court’s application of the inevitable discovery doctrine was not in error. Accordingly, I would affirm Moran-Soto’s judgment of conviction on that alternative basis.