**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 43129**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2016 Opinion No. 40 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: June 16, 2016 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| CHAD LEE WILLIAMS, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Cheri C. Copsey, District Judge.

Order denying motion to suppress and judgment of conviction, affirmed.

Sara B. Thomas, State Appellate Public Defender; Maya P. Waldron, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

HUSKEY, Judge

Chad Lee Williams appeals from his judgment of conviction, asserting the district court erred in denying his motion to suppress. For the reasons set forth below, we affirm.

**I.**

**FACTS AND PROCEDURE**

Boise City Police officers began surveillance on an apartment where they believed the subject of an arrest warrant resided. Officers positioned themselves at the front of the apartment and one officer positioned himself at the back. After conducting surveillance for thirty minutes, the officers watched four individuals exit the front door of the apartment. Williams was later identified as one of these four individuals. As officers approached the group to execute the arrest warrant, the subject of the arrest warrant fled back into the apartment and out the back door. An officer pursued the subject to the back of the apartment to assist another officer in securing the subject while two officers detained the remaining individuals, including Williams, to determine

1

their identities and relationship to the subject of the arrest warrant. After securing the subject of the arrest warrant, an officer testified that as he returned to the front of the apartment to assist the other officers, he detected a strong smell of marijuana emanating from the apartment. The apartment owner admitted marijuana and drug paraphernalia were inside. Based on the odor and the apartment owner's admission of the presence of marijuana, the officers arrested Williams for frequenting a place where controlled substances are known to be located. After Williams was handcuffed, he attempted to run away. An officer caught him and searched him incident to arrest. The search yielded a bag of methamphetamine, a bag of marijuana, and drug paraphernalia. The State charged Williams with five crimes: felony possession of a controlled substance, methamphetamine; misdemeanor possession of a controlled substance, marijuana; possession of paraphernalia; frequenting a place where controlled substances are known to be located; and resisting and obstructing officers.

Williams filed a motion to suppress evidence, arguing the evidence was the fruit of an unlawful detention and arrest. Following a hearing, the district court denied the motion, finding the detention and arrest were constitutionally reasonable. Pursuant to a plea agreement, Williams conditionally pleaded guilty to possession of a controlled substance, methamphetamine, and resisting or obstructing officers, reserving his right to appeal the district court's denial of his motion to suppress. All other charges were dismissed. The district court imposed a unified seven-year sentence, with two years determinate, for the possession of a controlled substance charge, and seventy-four days in the county jail, with credit for time served, for the resisting and obstructing charge. Williams timely appeals.

## II.
## STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

# III.

## ANALYSIS

**A.      Initial Detention**

Williams argues his initial detention, while officers executed an arrest warrant of a third party, was unlawful. The district court held the detention was reasonable, finding the holding of *State v. Reynolds*, 143 Idaho 911, 155 P.3d 712 (Ct. App. 2007), which permits officers executing a search warrant to detain occupants of the premises, also applies to the execution of arrest warrants. Although Williams conceded below and on appeal that the officers lawfully detained him to determine whether he harbored a fugitive, Williams nonetheless argues the district court erroneously extended *Reynolds*. Specifically, Williams contends an extension of *Reynolds* is not supported by its underlying rationale.

The Fourth Amendment to the United States Constitution prohibits unreasonable searches and seizures. Generally, evidence obtained as a result of an unreasonable search or seizure must be suppressed. *Wong Sun v. United States*, 371 U.S. 471, 485 (1963). Seizures must be based on probable cause to be reasonable. *Florida v. Royer*, 460 U.S. 491, 499-500 (1983). However, limited investigatory detentions, based on less than probable cause, are permissible when justified by an officer's reasonable articulable suspicion that a person has committed, or is about to commit, a crime. *Id*. at 498. The determination of whether an investigative detention is reasonable requires a dual inquiry--whether the officer's action was justified at its inception and whether it was reasonably related in scope to the circumstances which justified the interference in the first place. *State v. Roe*, 140 Idaho 176, 181, 90 P.3d 926, 931 (Ct. App. 2004); *State v. Parkinson*, 135 Idaho 357, 361, 17 P.3d 301, 305 (Ct. App. 2000). Such a detention must be temporary and last no longer than necessary to effectuate the purpose of the stop. *Roe*, 140 Idaho at 181, 90 P.3d at 931; *State v. Gutierrez*, 137 Idaho 647, 651, 51 P.3d 461, 465 (Ct. App. 2002). The scope of the intrusion permitted will vary to some extent with the particular facts and circumstances of each case. *Roe*, 140 Idaho at 181, 90 P.3d at 931; *Parkinson*, 135 Idaho at 361, 17 P.3d at 305. The brevity of the detention weighs heavily in favor of a finding the detention was reasonable. *See United States v. Sharpe*, 470 U.S. 675, 686-688 (1985) (holding a twenty-minute investigative detention was reasonable under the circumstances).

In *Michigan v. Summers*, 452 U.S. 692 (1981), the United States Supreme Court addressed the issue of temporarily seizing persons found on premises subject to a search warrant.

*Summers* arose when police officers encountered an occupant outside of the house subject to a search warrant. *Id*. at 693. The officers detained the occupant while they searched the house. *Id*. The Court reasoned, "a warrant to search for contraband founded on probable cause implicitly carries with it the limited authority to detain the occupants of the premises while a proper search is conducted." *Id*. at 705. The Court held detention of the occupants was justified: (1) by the fact that a judicial officer has already authorized a police entry of the residence (based on probable cause to believe that the residence contains evidence of a crime); (2) by the officers' need to protect themselves from attack while they are executing the warrant; and (3) to prevent the occupants from concealing or disposing of the items described in the search warrant. *Id*. at 701-703. The holding in *Summers*, however, is predicated upon the officers being in possession of a valid search warrant, not a valid arrest warrant for a third party.

Although the concerns that arise when the police are serving an arrest warrant are somewhat different from the concerns that arise when the police are searching for evidence of a crime, *see Steagald v. United States*, 451 U.S. 204, 212 (1981), courts have applied the rationale in *Summers* to cases involving arrest warrants. *United States v. Enslin*, 327 F.3d 788, 797 (9th Cir. 2003) (reasoning a limited seizure of a third party during a consent search for a fugitive is constitutionally reasonable); *Way v. State*, 101 P.3d 203, 209 (Alaska Ct. App. 2004) (holding officers have the authority to restrain third parties at a residence when executing an arrest warrant to prevent interference with the arrest, but officers have no basis for continuing the detention of the third parties after the arrest has been made); *State v. Valdez*, 68 P.3d 1052, 1056 (Utah Ct. App. 2003) (holding the limited seizure of a third party during the execution of an arrest warrant is permissible). We see no reason not to apply the reasoning of these cases here.

In this case, the officers' sole reason for approaching Williams and the other individuals outside the apartment was to execute an arrest warrant. Upon approaching the group, the subject of the arrest warrant fled and an officer pursued him. Because of this, the remaining officers were justified in taking precautions by detaining Williams to ensure the safety of the officers and the orderly conduct of the execution of the arrest warrant. Officers had been observing the apartment for thirty minutes and during that time, although only one person entered, the officers saw four people exit the apartment and stand by the door. Thus, it was reasonable for the officers to believe more people or weapons could be inside the apartment. Further, it was reasonable for the officers to initially detain Williams to ensure the safety of the officers.

4

Additionally, it was reasonable for the officers to conclude that because they observed Williams with the subject of the arrest warrant, Williams was related to or friends with the suspect and as such, may attempt to assist him in escaping. During his detention, before the subject of the warrant was arrested, Williams was not handcuffed, patted down, or searched, and the initial detention lasted only three to four minutes. Because the detention was minimal and effectuated in order to obtain information, potentially prevent a suspect from evading the police, and ensure the safety of the officers involved, Williams' initial detention was reasonable.

Williams' initial detention ended once the subject of the arrest warrant was secured. As the officer returned to the front of the apartment to let the other officers know the subject had been arrested, he detected a strong smell of marijuana emanating from the apartment. The apartment owner then admitted to marijuana being in the residence. Accordingly, the officers had a new basis to detain Williams based on their reasonable suspicion that he was guilty of frequenting. Because of these new facts, the officers' continued detention of Williams after securing the subject of the arrest warrant was reasonable based on specific, articulable facts justifying the suspicion of frequenting. Thus, Williams' initial detention was properly extended based upon a new reasonable suspicion of frequenting.

Alternatively, Williams' detention was a lawful investigatory detention based on the officers' reasonable articulable suspicion that Williams committed, or was about to commit, a crime. The district court did not address whether it was lawful to detain Williams to investigate whether he harbored a fugitive. However, where a ruling in a criminal case is correct, though not based upon a correct reason, it still may be sustained upon the proper legal theory. *See State v. Avelar*, 129 Idaho 700, 704, 931 P.2d 1218, 1222 (1997). Williams conceded both below and now on appeal that the officers could lawfully detain him to investigate whether he was guilty of harboring a fugitive, but he argues his detention was nonetheless unreasonably prolonged.

**B.     Length of Detention**

Williams asserts that even if his initial detention was reasonable to investigate whether he harbored a fugitive, the officers detained him longer than necessary because this investigation should have taken seconds, not minutes, to complete. Williams does not argue that his detention for frequenting after the subject of the arrest warrant was secured was unreasonable or prolonged.

5

Investigative detentions must be temporary and last no longer than necessary to effectuate the purpose of the stop. *Roe*, 140 Idaho at 181, 90 P.3d at 931; *Gutierrez*, 137 Idaho at 651, 51 P.3d at 465. There is no rigid time limit for determining when a detention has lasted longer than necessary; rather, a court must consider the scope of the detention and the law enforcement purposes to be served, as well as the duration of the stop. *Sharpe*, 470 U.S. at 685-86; *State v. Hays*, 159 Idaho 476, 480, 362 P.3d 551, 555 (Ct. App. 2015). The investigation following a stop generally must be reasonably related in scope to the circumstances that justified the interference in the first place. *Roe*, 140 Idaho at 181, 90 P.3d at 931; *Parkinson*, 135 Idaho at 361, 17 P.3d at 305. The purpose of a stop is not permanently fixed, however, at the moment the stop is initiated and during the course of the detention, there may evolve suspicion of criminality different from that which initially prompted the stop. *Parkinson*, 135 Idaho at 362, 17 P.3d at 306. The length and scope of the stop may be lawfully expanded if the detaining officer can "point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." *Terry v. Ohio*, 392 U.S. 1, 21 (1968).

Here, as officers approached the individuals outside the apartment to execute the arrest warrant, the subject of the arrest warrant fled. Williams' initial detention lasted three to four minutes, starting from the time the subject of the arrest warrant fled and ending at the time the subject of the arrest warrant was secured. During this time, officers detained Williams and the remaining individuals to determine their identities and relationship to the subject of the arrest warrant. The officers' questioning was reasonably related in scope to confirming or dispelling the suspicion of harboring a fugitive. Williams' initial detention ended once the subject of the arrest warrant was secured. Simultaneously, the officers acquired a new reason to detain Williams because of their reasonable suspicion that Williams was guilty of frequenting a place where controlled substances are known to be located based on the smell of marijuana coming from the apartment. As such, the detention for harboring a fugitive was not unreasonably prolonged.

## C.     Probable Cause for Arrest

Finally, Williams argues the officers did not have probable cause to arrest him for frequenting a place where controlled substances are known to be located, and so the evidence officers seized in the search incident to that arrest must be suppressed.

A warrantless search is presumptively unreasonable unless it falls within certain special and well-delineated exceptions to the warrant requirement. *Coolidge v. New Hampshire*, 403 U.S. 443, 454-55 (1971); *State v. Ferreira*, 133 Idaho 474, 479, 988 P.2d 700, 705 (Ct. App. 1999). A search incident to a valid arrest is among those exceptions and thus, does not violate the Fourth Amendment proscription against unreasonable searches. *State v. Moore*, 129 Idaho 776, 781, 932 P.2d 899, 904 (Ct. App. 1996). A warrantless arrest is lawful if the arresting officer has probable cause to believe the arrestee has committed a public offense in his presence or has committed a felony not in his presence. I.C. § 19-603. Probable cause is the possession of information that would lead a person of ordinary care and prudence to believe or entertain an honest and strong presumption that a person they have placed under arrest is guilty of a crime. *See State v. Julian*, 129 Idaho 133, 136, 922 P.2d 1059, 1062 (1996). Probable cause is not measured by the same level of proof required for conviction. *Id.* Rather, probable cause deals with the factual and practical considerations on which reasonable and prudent persons act. *Brinegar v. United States*, 338 U.S. 160, 175 (1949); *Julian*, 129 Idaho at 136, 922 P.2d at 1062. When reviewing an officer's actions, the court must judge the facts against an objective standard. *Julian*, 129 Idaho at 136, 922 P.2d at 1062. That is, would the facts available to the officer at the moment of the seizure or search, warrant a reasonable person in holding the belief that the action taken was appropriate. *Id.* A probable cause analysis must allow room for mistakes on the part of the arresting officer, but only the mistakes of a reasonable person acting on facts which sensibly led to his or her conclusions of probability. *State v. Kerley*, 134 Idaho 870, 874, 11 P.3d 489, 493 (Ct. App. 2000).

Idaho Code § 37-2732 makes it unlawful for any person to be present at any place in which he knows illegal controlled substances are being held for use. The district court found there was probable cause to arrest Williams for frequenting because he was seen coming out of the apartment where police detected a strong odor of marijuana.

There is substantial evidence to support the district court's finding that the officer had probable cause to arrest Williams. The district court found Williams was present for at least thirty minutes in the apartment, the apartment emanated a strong odor of marijuana, and the apartment owner admitted there was marijuana and drug paraphernalia inside the apartment. Based on these facts, it was not unreasonable for the officer to believe that Williams knew of the

marijuana inside the apartment.  As such, there was substantial evidence to support the district court's finding that the officer had probable cause to arrest Williams for frequenting.

## IV.
## CONCLUSION

Accordingly, we hold it was reasonable for officers to detain Williams when they executed an arrest warrant for a third party and the detention was not longer than necessary. Further, Williams' detention was a lawful investigatory detention based on the officers' reasonable articulable suspicion that Williams committed the crime of harboring a fugitive. Finally, there was substantial evidence in the record to support the district court's finding that the officers had probable cause to arrest Williams and so the methamphetamine found in Williams' pocket in a search incident to arrest was not the fruit of an unlawful detention or arrest. We affirm the district court's denial of Williams' motion to suppress and judgment of conviction.

Chief Judge MELANSON and Judge GRATTON **CONCUR**.