**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 43571**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2017 Unpublished Opinion No. 393** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: March 9, 2017** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **RANDALL JEROME BILLUPS,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Lynn G. Norton, District Judge.

Judgment of conviction for felony conspiracy to traffic heroin, <u>reversed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Jason C. Pintler, Deputy Appellate Public Defender, Boise, for appellant. Jason C. Pintler argued.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent. Jessica M. Lorello argued.

_____

GUTIERREZ, Judge

Randall Jerome Billups appeals from his judgment of conviction entered by the district court. Billups specifically argues the district court erred in denying Billups' motion to suppress because he was illegally arrested without probable cause. Thus, Billups argues, his incriminating statements and text messages were inadmissible as the fruits of his illegal arrest. For the reasons explained below, we reverse the district court.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

A detective responded to a call from a post office after it received a suspicious package for a post office box. The detective inspected the package, which contained a scarf and heroin. The post office employees informed the detective that packages to the addressee were typically picked up by a female soon after the packages arrived. The employees also told the detective

1

that the post office box was registered to both a man and to A.H.--the same female who typically picked up the packages. After repackaging the scarf and removing the heroin, the detective advised the employees to deliver the package as they normally would. The detective further instructed the employees to contact the detective when the package was picked up. That same day, the detective learned a female exited a vehicle that was occupied by another individual, entered the post office, retrieved the package, got back into the vehicle, and relocated to a nearby parking lot. The vehicle was parked by a dumpster for a brief period before leaving the parking lot. The detective initiated a traffic stop and approached the vehicle, where he observed portions of the package and the scarf on the center console. A.H. was the driver, and Billups was the front seat passenger.

The detective called a canine to the scene, and the canine alerted on the vehicle. A subsequent search of the vehicle uncovered the scarf, portions of the package, and a bag on the front passenger seat floor mat. The bag contained A.H.'s driver's license and financial transaction cards, a digital scale with residue on it, and a pay/owe ledger sheet with a reference to "Randall." The detective testified that the ledger sheet was utilized "almost as a to-do list of things that the individual wrote or needed to do." At this point, the detective had identified the passenger as Randall Billups. The detective instructed law enforcement to search trash bins in the area, and they located the rest of the package. Both A.H. and Billups were transported to the police station for further questioning.

The detective read Billups his *Miranda*[1] rights before questioning. During the interview, Billups confessed he was traveling with A.H. to pick up heroin and planned to help A.H. sell the heroin. Billups gave the detective consent to look through Billups' cell phone, and the detective discovered several text messages containing language consistent with the sale and distribution of drugs. Billups was then formally arrested.

The State charged Billups with felony conspiracy to traffic heroin, pursuant to Idaho Code §§ 37-2732B(a)(6)(B), 37-2732B(b), 18-1701, and 18-204. Billups filed a motion to suppress all evidence obtained as a result of the illegal arrest, as the evidence was obtained as the fruit of his illegal arrest and interrogation. The district court agreed with the State's argument

---

[1]     *See Miranda v. Arizona*, 384 U.S. 436 (1966).

and denied Billups' motion to suppress. A jury found Billups guilty of the charged offense. Billups appeals from his judgment of conviction.

## II.

## ANALYSIS

Billups argues the district court erred in denying his motion to suppress. The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

Billups contends he was arrested and interrogated without probable cause. Thus, he argues, his incriminating statements and text messages are inadmissible as the fruits of his illegal arrest. In response, the State concedes on appeal that Billups was arrested when he was transported to the police station but probable cause justified the warrantless arrest. Thus, the issue is whether probable cause existed to arrest Billups before he gave incriminating statements at the police station. Whether probable cause exists is a question of law over which this Court exercises free review. *Moldowan v. City of Warren*, 578 F.3d 351, 396 (6th Cir. 2009); *State v. Martinez-Gonzalez*, 152 Idaho 775, 778, 275 P.3d 1, 4 (Ct. App. 2012).

A warrantless arrest must be supported by probable cause. *Maryland v. Pringle*, 540 U.S. 366, 370 (2003). Probable cause is the possession of information that would lead a person of ordinary care and prudence to believe or entertain an honest and strong presumption that a person they have placed under arrest is guilty of a crime. *See State v. Julian*, 129 Idaho 133, 136, 922 P.2d 1059, 1062 (1996). A probable cause showing requires "probability or substantial chance of criminal activity." *Illinois v. Gates*, 462 U.S. 213, 243 n.13 (1983). Probable cause is not measured by the same level of proof required for conviction. *State v. Alger*, 100 Idaho 675, 677, 603 P.2d 1009, 1011 (1979). Rather, probable cause deals with the factual and practical considerations on which reasonable and prudent persons act. *Brinegar v. United States*, 338 U.S. 160, 175 (1949); *Julian*, 129 Idaho at 136, 922 P.2d at 1062. When reviewing an officer's

3

actions, the court must judge the facts against an objective standard. *Julian*, 129 Idaho at 136, 922 P.2d at 1062. That is, would the facts available to the officer, at the moment of the seizure or search, warrant a reasonable person in holding the belief that the action taken was appropriate. *Id.* A probable cause analysis must allow room for mistakes on the part of the arresting officer but only the mistakes of a reasonable person acting on facts which sensibly led to his or her conclusions of probability. *State v. Kerley*, 134 Idaho 870, 874, 11 P.3d 489, 493 (Ct. App. 2000). Moreover, a probable cause inquiry considers the totality of circumstances. *Pringle*, 540 U.S. at 370.

Billups relies on *United States v. Di Re*, 332 U.S. 581 (1948) to support his argument that the detective lacked probable cause to arrest Billups. In *Di Re*, the defendant was present during an exchange of counterfeit gasoline ration coupons but did not participate in the exchange. *Id.* at 583. The exchange occurred in a vehicle between an informant, who sat in the back seat, and the driver. *Id.* The defendant sat next to the driver. *Id.* All three men were arrested, and a search of the defendant uncovered counterfeit gasoline ration coupons. *Id.* The Supreme Court ruled the arrest and search of the defendant was unlawful, reasoning that it was "not convinced that a person, by mere presence in a suspected car, loses immunities from search of his person to which he would otherwise be entitled." *Id.* at 587. Here, too, Billups' arrest was based merely on his presence in A.H.'s vehicle. Besides his presence in the car, nothing tied Billups to the package. Billups' mere presence does not lend itself to an honest and strong presumption that Billups was guilty of any crime. An officer could not reasonably infer, based on the totality of circumstances, that Billups was involved in criminal activity.

The State relies on *Pringle* to support its argument that probable cause existed to arrest Billups, but this reliance is misplaced. In *Pringle*, the defendant was one of three men in a vehicle when it was pulled over. *Pringle*, 540 U.S. at 367. The officer searched the car and seized rolled-up cash stashed in the glove compartment directly in front of the defendant and bags of cocaine sitting between the back-seat armrest and the back seat. *Id.* at 368, 372-73. The United States Supreme Court concluded that it was "an entirely reasonable inference . . . that any or all three of the occupants had knowledge of, and exercised dominion and control over, the cocaine." *Id.* at 372. The officer was unable to single out any one perpetrator because none of the three men admitted to owning the cocaine or money. *Id.* Thus, the Court ruled, probable cause existed to arrest the defendant. *Id.* at 374. Here, however, the bag containing the digital

4

scale with residue on it and the pay/owe ledger sheet referencing "Randall" were located in a bag also holding A.H.'s driver's license and her financial transaction cards. The pay/owe ledger sheet did not necessarily indicate Billups paid or owed anything--rather, it read like a to-do list. Moreover, it was A.H. who picked up the package from the post office, the package was sent to the post office box that was registered to A.H., and A.H. drove the vehicle. A.H. could therefore be singled out. In sum, the totality of circumstances does not demonstrate a probability or substantial chance that Billups was involved in *any* criminal activity. Accordingly, the detective lacked probable cause to arrest Billups before transporting Billups to the police station for questioning.

Billups' incriminating statements and text messages were the products of his illegal arrest. The exclusionary rule is the judicial remedy for addressing illegal searches and bars the admission or use of evidence gathered pursuant to the illegal search. *State v. Bunting*, 142 Idaho 908, 915, 136 P.3d 379, 386 (Ct. App. 2006). Thus, pursuant to the exclusionary rule, Billups' incriminating statements and text messages were inadmissible. The State does not argue that in the absence of probable cause, such evidence is admissible. Instead, the State concedes the *Miranda* warning preceding Billups' statements "would not cure any Fourth Amendment violation that would require suppression of those statements." We therefore conclude the district court erred in denying Billups' motion to suppress, and the State concedes any error in admitting the statements is not harmless.

## III.

### CONCLUSION

The district court erred in denying Billups' motion to suppress because Billups' illegal arrest rendered his subsequent incriminating statements and text messages inadmissible. We therefore reverse Billups' judgment of conviction for felony conspiracy to traffic heroin.

Chief Judge GRATTON and Judge HUSKEY **CONCUR**.

5