# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 52258

STATE OF IDAHO,

      Plaintiff-Respondent,

v.

JARED LARRY FREEMAN,

      Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)

Filed: June 3, 2026

Melanie Gagnepain, Clerk

**THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY**

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Steven J. Hippler, District Judge.

Judgment of conviction for felony driving under the influence, possession of a controlled substance, and misdemeanor leaving the scene of an accident, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Kierra W. Mai, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kale D. Gans, Deputy Attorney General, Boise, for respondent.

---

MELANSON, Judge Pro Tem

Jared Larry Freeman appeals from his judgment of conviction for felony driving under the influence (DUI), possession of a controlled substance, and misdemeanor leaving the scene of an accident. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Several callers reported a hit-and-run accident involving a black car. The callers said the car had been driven into a nearby canal after fleeing the intersection where the accident had taken place. The callers reported that the driver of the black car had fled the canal on foot toward a nearby residential neighborhood while carrying a dog. An officer responded to the residential

1

neighborhood and saw a man on the canal bank holding a dog and trying to access a gate to enter the backyard of a house. The officer then found the same man in a side yard behind a fence and asked him to step out through a gate. The man complied and set his dog down, and the officer placed the man in handcuffs. The man identified himself as Freeman.

The officer noticed an odor of alcohol emanating from Freeman and that he had slurred speech and bloodshot eyes. The officer was then informed by dispatch that Freeman had a previous conviction for felony DUI. Freeman remained in handcuffs and provided a breath sample that showed he had a breath alcohol concentration of 0.212. While the officer was with Freeman, a separate investigation was ongoing at the scene of the hit-and-run accident and the black car in the canal. Another officer helped remove the black car from the canal, inventoried its contents, and released it to a tow truck company. During the inventory search, the officer found pieces of tin foil with burnt residue and a powder substance that was later confirmed to be cocaine. The car belonged to Freeman.

The State charged Freeman with felony DUI (I.C. §§ 18-8004, -8005(6)), possession of a controlled substance (I.C. § 37-2732), leaving the scene of an accident (I.C. § 49-1301), and being a persistent violator (I.C. § 19-2514). Freeman filed a motion to suppress. The district court held a hearing on the motion and denied it. Pursuant to a plea agreement, Freeman pled guilty to all charges, and the State dismissed the persistent violator sentencing enhancement. Freeman appeals.

## II.

## STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

## III.

ANALYSIS

On appeal, mindful of the district court's factual findings and the relevant case law, Freeman argues the district court erred in denying his motion to suppress because his detention amounted to a de facto arrest. The State responds that Freeman has failed to show the district court erred and has not challenged the district court's finding that, even if Freeman was under arrest, the arrest was supported by probable cause. We agree.

The de facto arrest doctrine arose from cases addressing the constitutional parameters of investigatory detentions pursuant to *Terry v. Ohio*, 392 U.S. 1 (1968). Under *Terry*, the Supreme Court adopted a dual inquiry for evaluating the reasonableness of such a detention. This inquiry includes consideration of whether the detention was justified at its inception and whether the officer's actions were reasonably related in scope to the purpose of the detention. *Id*. at 20. As to the latter part of the inquiry, the Supreme Court has stated that law enforcement's investigation must be diligent and the detention must not be prolonged longer than necessary to confirm or dispel suspicion that warranted the detention in the first place. *See United States v. Sharpe*, 470 U.S. 675, 685 (1985). If the length of an investigatory detention authorized by *Terry* exceeds what is reasonable under the circumstances, the detention is transformed into a de facto arrest that must be supported by more than reasonable suspicion, i.e., probable cause. *See Sharpe*, 470 U.S. at 685; *State v. Buti*, 131 Idaho 793, 796-97, 964 P.2d 660, 663-64 (1998). The Supreme Court recognized that the determination of when and whether an investigatory detention transforms into a de facto arrest can "create difficult line-drawing problems," particularly given that there is "no rigid time limitation on *Terry* stops." *Sharpe*, 470 U.S. at 685. "Much as a 'bright line' rule would be desirable, in evaluating whether an investigative detention is unreasonable, common sense and ordinary human experience must govern over rigid criteria." *Id*. Placing a suspect in handcuffs may convert an investigative detention to an arrest where law enforcement does not have a reason to believe that a suspect poses a substantial risk of danger or flight. *State v. Maahs*, 171 Idaho 738, 747, 525 P.3d 1131, 1140 (2023).

Probable cause is the possession of information that would lead a person of ordinary care and prudence to believe or entertain an honest and strong presumption that an individual who has been placed under arrest is guilty of a crime. *State v. Williams*, 162 Idaho 56, 66, 394 P.3d 99, 109 (Ct. App. 2016). Probable cause is not measured by the same level of proof required for

conviction. *Id.* Rather, probable cause deals with the factual and practical considerations on which reasonable and prudent persons act. *Brinegar v. United States*, 338 U.S. 160, 175 (1949); *Williams*, 162 Idaho at 66, 394 P.3d at 109. When reviewing an officer's actions, the trial court must judge the facts against an objective standard. *Williams*, 162 Idaho at 66, 394 P.3d at 109. That is, would the facts available to the officer, at the moment of the seizure or search, warrant a reasonable person in holding the belief that the action taken was appropriate. *Id.* A probable cause analysis must allow room for mistakes on the part of the arresting officer but only the mistakes of a reasonable person acting on facts, which sensibly led to his or her conclusions of probability. *State v. Kerley*, 134 Idaho 870, 874, 11 P.3d 489, 493 (Ct. App. 2000).

The district court held that the officer's seizure of Freeman was not a de facto arrest. The district court found that Freeman posed a flight risk after having already fled the scene of two accidents--a hit-and-run and then crashing the car into a canal. The district court explained that, if Freeman attempted to flee from the officer again, it would pose a safety risk to both Freeman and the officer. The district court noted that only twenty-two minutes "elapsed between [Freeman's] apprehension and the time officers learned of [Freeman's] prior felony DUI" and that during this time the officer was "diligently questioning [Freeman], completing a records check and ascertaining his physical well-being." The district court also found that, even if "handcuffing [Freeman] and seating him on the bumper of the patrol car constituted a de facto arrest, it was supported by probable cause" because the officer reasonably believed Freeman "was in the process of committing a criminal trespass in violation of I.C. § 18-7008(2)(a)" when the officer ordered Freeman to the ground and had him handcuffed.

On appeal, Freeman argues that being placed in handcuffs amounted to a de facto arrest. However, Freeman failed to challenge the second holding from the district court that, even if a de facto arrest occurred, it was justified by probable cause. Freeman does not contest that the officer had probable cause to arrest Freeman for trespass. The district court's holding is supported by substantial and competent evidence, including the officer's bodycam footage. Freeman has failed to show the district court erred in denying his motion to suppress because he has not challenged the district court's alternative ruling that, even if he was arrested, his arrest was supported by probable cause.

## IV.

## CONCLUSION

Freeman has failed to show the district court erred in denying his motion to suppress because he does not challenge the district court's holding that, even if he was placed under arrest, the arrest was supported by probable cause. Accordingly, his judgment of conviction for felony DUI, possession of a controlled substance, and misdemeanor leaving the scene of an accident is affirmed.

Chief Judge TRIBE and Judge HUSKEY, **CONCUR**.