**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 41535**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | |
| | ) | **2014 Opinion No. 81** |
| Plaintiff-Respondent, | ) | |
| | ) | **Filed: October 2, 2014** |
| v. | ) | |
| | ) | **Stephen W. Kenyon, Clerk** |
| ALFREDO LOPEZ ROCHA, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Michael R. McLaughlin, District Judge; Hon. Theresa Gardunia, Magistrate.

District court decision affirming judgment of conviction for misdemeanor driving under the influence, affirmed.

Alan E. Trimming, Ada County Public Defender; Heidi M. Johnson, Deputy Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

LANSING, Judge

Alfredo Lopez Rocha appeals from the district court's order on intermediate appeal affirming his judgment of conviction for misdemeanor driving under the influence. Rocha contends that the trial evidence was insufficient to support a conviction and, alternatively, that there was prosecutorial misconduct that necessitates a new trial.

**I.**

**BACKGROUND**

In the early morning hours of September 1, 2012, a Meridian police officer came upon a vehicle parked on the shoulder of a road. The officer observed that Rocha, located in the driver's position, and his companion seated in the passenger seat, were both asleep. The engine was not running. The officer awakened the two and spoke to Rocha, who exhibited signs of intoxication.

1

The officer had Rocha perform field sobriety tests, which he failed. Rocha was arrested and transported to the Meridian Police Department, where he was given administrative license suspension warnings and was asked to perform breath alcohol evidentiary testing. Rocha declined.

Rocha was subsequently charged with misdemeanor driving under the influence, Idaho Code §§ 18-8004(1)(a), 18-8005(1). He was convicted after a jury trial. Rocha appealed to the district court, which affirmed the conviction. Rocha further appeals. He contends that the district court erred by rejecting his claims that the evidence was insufficient to sustain the guilty verdict, that the magistrate erred by admitting an administrative license suspension form over his relevance objection, and that the prosecution committed misconduct during closing argument.

## II.

## ANALYSIS

For an appeal from the district court, sitting in its appellate capacity over a case from the magistrate division, this Court does not review the decision of the magistrate. Rather, we are procedurally bound to affirm or dismiss the decisions of the district court. *State v. Trusdall*, 155 Idaho 965, 968, 318 P.3d 955, 958 (Ct. App. 2014).

### A. Sufficiency of the Evidence

Rocha first contends that the evidence adduced at trial was insufficient to sustain the jury's verdict finding him guilty. Appellate review of the sufficiency of the evidence is limited in scope. A judgment of conviction entered upon a jury verdict will be upheld so long as there is substantial evidence upon which a rational trier of fact could conclude that the prosecution proved all essential elements of the crime beyond a reasonable doubt. *State v. Severson*, 147 Idaho 694, 712, 215 P.3d 414, 432 (2009); *State v. Herrera-Brito*, 131 Idaho 383, 385, 957 P.2d 1099, 1101 (Ct. App. 1998); *State v. Knutson*, 121 Idaho 101, 104, 822 P.2d 998, 1001 (Ct. App. 1991). Evidence is substantial if a reasonable trier of fact would accept it and rely upon it in determining whether a disputed point of fact has been proven. *Severson*, 147 Idaho at 712, 215 P.3d at 432. On appeal, this Court must view the evidence in the light most favorable to the prosecution. *State v. Sheahan*, 139 Idaho 267, 286, 77 P.3d 956, 975 (2003); *Herrera-Brito*, 131 Idaho at 385, 957 P.2d at 1101; *Knutson*, 121 Idaho at 104, 822 P.2d at 1001. Further, we will not substitute our own judgment for that of the jury on matters such as the credibility of witnesses, the weight to be given to certain evidence, and the reasonable inferences to be drawn

from the evidence. *Severson*, 147 Idaho at 712, 215 P.3d at 432; *Knutson*, 121 Idaho at 104, 822 P.2d at 1001; *State v. Decker*, 108 Idaho 683, 684, 701 P.2d 303, 304 (Ct. App. 1985).

Rocha was convicted of driving under the influence under Idaho Code section 18-8004(1)(a), which defines the offense as follows:

> It is unlawful for any person who is under the influence of alcohol . . . or who has an alcohol concentration of 0.08 . . . or more . . . to drive or be in actual physical control of a motor vehicle.

"Actual physical control" as used in this section, is defined as "being in the driver's position of the motor vehicle with the motor running or with the motor vehicle moving." Idaho Code § 18-8004(5).

The prosecution of this case was pursued solely on the "under the influence" alternative of the statute because Rocha did not participate in breath alcohol testing and the State chose not to conduct a forcible blood draw after that refusal; therefore, no alcohol concentration evidence was available to the State. Also of importance, Rocha could not be found to have been in "actual physical control" of the vehicle when the officer conversed with him on the roadside because the vehicle's engine was not then running and the vehicle was not moving. Thus, under the statutory elements and in accord with the instruction given to the jury, the State was required to prove that Rocha drove or was in actual physical control of a motor vehicle while he was under the influence of alcohol at a time before the police approached his vehicle.

Here, ample evidence was presented that Rocha was under the influence of alcohol when the officer woke him from his slumber and conversed with him. The officer testified that Rocha admitted to consuming alcohol earlier that evening, that Rocha's speech was slow and slurred, and that he was disoriented and confused "more so than I would expect from someone who was just waking up." Audio recordings of the officer's discussions with Rocha, played for the jury at trial, support the officer's testimony. The officer further testified that Rocha smelled of alcohol, had glassy and bloodshot eyes, that he stumbled when exiting his vehicle and had to catch himself on the door handle, and that Rocha subsequently failed field sobriety tests.

There was also sufficient evidence that Rocha had driven his vehicle to the location where the officer found him. In the audio recordings Rocha repeatedly admitted that he had done so, and he was found sitting and asleep in the driver's seat of a vehicle that he owned.

Rocha argues that although this evidence showed that he had driven that night and that he was under the influence of alcohol when the officer encountered him, the State did not present sufficient evidence to permit a finding that he was under the influence of alcohol *while he was driving* earlier in the evening.

We conclude that the evidence is sufficient to sustain the verdict. The State was not required to present the testimony of an eyewitness to Rocha's act of driving under the influence in order to sustain his conviction. *See State v. Roth*, 138 Idaho 820, 824-25, 69 P.3d 1081, 1085-86 (Ct. App. 2003). A violation may be proved by circumstantial evidence that Rocha was driving under the influence. *State v. Barker*, 123 Idaho 162, 163, 845 P.2d 580, 581 (Ct. App. 1992). The circumstantial evidence was sufficient here. In one of the audio recordings of his interrogation by police, Rocha stated that he and his friend were drinking at a bar earlier in the evening, that the two had left and gone to another friend's house or business, and that he was in the process of driving his friend home from that location when his car broke down approximately an hour before the officer arrived at the scene. Notably, Rocha further said that he did not eat or drink anything after leaving the bar. From this and other evidence presented at trial, the jury could reasonably find that Rocha was not only under the influence at the time of his encounter with the officer, but that he was also under the influence, likely with an even higher level of intoxication, while he was driving to the location where the officer found him.

The district court did not err in rejecting Rocha's claim that the trial evidence was insufficient to sustain a guilty verdict.

## B.    Admission of the Administrative License Suspension Form

At trial, the arresting officer testified that he read to Rocha from an advisory form warning that Rocha would be subject to a civil penalty and suspension of his driver's license if he refused a breath test. Rocha nevertheless refused. When the prosecutor offered a copy of the advisory form into evidence, Rocha objected that it was irrelevant. The magistrate overruled the objection and the document was admitted.

On appeal, Rocha claims error. He argues for the evidence to be admissible, it "must be . . . relevant as a matter of law to a material element of the charged offense" and that the exhibit admitted here was irrelevant because "the State cannot and [at trial] did not point to an element [of driving under the influence] for which that piece of evidence was being used to prove."

4

Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." I.R.E. 401. This Court reviews the question of relevance de novo. *State v. Raudebaugh*, 124 Idaho 758, 764, 864 P.2d 596, 602 (1993).

It is well established in Idaho law that a defendant's refusal to perform alcohol concentration testing is generally admissible in a DUI case. In *State v. Bock*, 80 Idaho 296, 328 P.2d 1065 (1958), our Supreme Court said:

> We conclude that evidence of appellant's refusal to submit to a blood test was competent and admissible. Like any other act or statement voluntarily made by him, it was competent for the jury to consider and weigh, with the other evidence, and to draw from it whatever inference as to guilt or innocence may be justified thereby.

*Id.* at 309, 328 P.2d at 1073. More recently, this Court has explained that a criminal defendant's refusal to participate in field sobriety tests is relevant to show consciousness of guilt. *State v. Martinez-Gonzalez*, 152 Idaho 775, 780, 275 P.3d 1, 6 (Ct. App. 2012); *Thompson v. State*, 138 Idaho 512, 515-16, 65 P.3d 534, 537-38 (Ct. App. 2003). That is, the evidence is relevant because the fact finder may infer that the defendant refused the test because he knew the test results would not be in his favor.

Here, the suspension advisory form is relevant because it bolsters that inference. The form contained the warnings notifying Rocha that unless he could show to a court good cause for his refusal, a refusal of evidentiary testing would subject him to a civil penalty of $250 and a suspension of his license for one year or longer. Thus, because the form stated the adverse consequences faced by Rocha for failing to perform evidentiary testing, it strengthened the inference that he was unwilling to submit to a test because he believed the test results would show an alcohol concentration above the legal limit. The exhibit, therefore, was relevant.

Rocha also contends that the magistrate erred by not excluding this evidence under I.R.E. 403 because, he says, the risk of unfair prejudice from its admission substantially outweighed its probative value. Rocha does not clearly articulate why he believes the exhibit carried the risk of unfair prejudice: he asserts only that the form "improperly references penalty or punishment," and he posits that this would cause the jury to convict even though proof beyond a reasonable doubt was not present.

We need not address the merits of this argument because Rocha did not preserve this issue for appeal. Idaho Rule of Evidence 103(a)(1) provides that an objection must state "the specific ground of objection, if the specific ground was not apparent from the context." An objection on one ground will not preserve a separate and different basis for excluding the evidence. *State v. Norton*, 134 Idaho 875, 880, 11 P.3d 494, 499 (Ct. App. 2000); *State v. Enyeart*, 123 Idaho 452, 454, 849 P.2d 125, 127 (Ct. App. 1993). The requirement of a specific objection is to alert the trial court and the other party to the grounds of the objection so that it may be addressed or cured. *State v. Vondenkamp*, 141 Idaho 878, 885, 119 P.3d 653, 660 (Ct. App. 2005). An objection on the ground of relevance, without more, is insufficient to preserve an objection that the evidence should have been excluded under I.R.E. 403. *State v. Fordyce*, 151 Idaho 868, 871-72, 264 P.3d 975, 978-79 (Ct. App. 2011). At trial, Rocha's only stated objection to the advisory form was relevance, and he did not ask the court to exclude the exhibit under Rule 403 for carrying a high risk of unfair prejudice, either expressly or by implication. Because Rocha failed to preserve any objection that the form should have been excluded under Rule 403, we will not further consider that issue on appeal.

## C. Prosecutorial Misconduct at Closing Argument

Rocha identifies two instances where he contends that the prosecutor made improper closing arguments that shifted the burden of proof or argued facts not in evidence.

With respect to the trial evidence that Rocha refused a breath test after hearing the advisory warnings of adverse consequences, at closing argument the prosecutor stated:

> When you are put in that position of giving a breath sample, do I give this sample and let them know what my breath alcohol is, or do I refuse and accept these consequences. That's what the defendant did. He did not want to reveal his breath alcohol.
> We as citizens through our legislature and everything that we vote, requires every one that drives on our roads to consent to a breath test. Implied consent. Maybe you have heard that phrase before. When you get a driver's license it is implied consent that you will submit to one of these tests. The penalty for not doing that is you lose your license for a year absolutely and pay a significant fine.
> The defendant [chose] to take those penalties rather than let you know what his alcohol concentration was. Why not blow and let us know? What's going on up there that he didn't want to let us know?"
> . . . .

6

The reason you don't blow is because you know you are going to be over. Because you know you had too much to drink because you passed out in your car on the side of the road. That's why you don't blow.

Rocha acknowledges that he did not object to this argument before the trial court. Generally, issues not raised below may not be considered for the first time on appeal. *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992). However, appellate courts may consider a claim of error to which no objection was made below if the issue presented rises to the level of fundamental error. *See State v. Field*, 144 Idaho 559, 571, 165 P.3d 273, 285 (2007); *State v. Haggard*, 94 Idaho 249, 251, 486 P.2d 260, 262 (1971). In *State v. Perry*, 150 Idaho 209, 226, 245 P.3d 961, 978 (2010), the Idaho Supreme Court held that an appellate court should reverse an unobjected-to error when the defendant persuades the court that the alleged error: (1) violates one or more of the defendant's unwaived constitutional rights; (2) is clear or obvious without the need for reference to any additional information not contained in the appellate record; and (3) affected the outcome of the trial proceedings. *See also State v. Galvan*, 156 Idaho 379, 381-82, 326 P.3d 1029, 1031-32 (Ct. App. 2014).

Rocha contends that the prosecutor's argument violated Rocha's constitutional rights by improperly shifting the burden of proof to the defense. Misconduct may occur during closing argument if a prosecutor diminishes or distorts the State's burden to prove the defendant's guilt beyond a reasonable doubt. *Raudebaugh*, 124 Idaho at 769, 864 P.2d at 607; *State v. Erickson*, 148 Idaho 679, 685, 227 P.3d 933, 939 (Ct. App. 2010); *State v. Phillips*, 144 Idaho 82, 86-87, 156 P.3d 583, 587-88 (Ct. App. 2007). Both the prosecutor and defense counsel, however, are afforded considerable latitude in closing argument to the jury and are entitled to discuss fully, from their respective standpoints, the evidence and the inferences to be drawn therefrom. *Sheahan*, 139 Idaho at 280, 77 P.3d at 969.

Here, we perceive no error, much less fundamental error. Rocha contends that, in effect, the prosecutor argued that Rocha should have proven his innocence by blowing into a breathalyzer machine. The prosecutor said no such thing; he said nothing suggesting that Rocha bore the burden to prove anything at trial, nor did he indicate that the State did not bear the burden of proving Rocha guilty beyond a reasonable doubt. The prosecutor merely argued a permissible inference arising from the trial evidence--that Rocha did not perform a breath test because he did not want to reveal his breath alcohol level, and that Rocha's awareness that he

7

would incur administrative penalties for that refusal bolstered the inference. This was not improper argument.

As part of his burden-shifting argument, Rocha also asserts that the prosecutor's statements violated his Fifth Amendment right against self-incrimination. We note that the district court did not discuss or address any self-incrimination issue in its opinion on intermediate appeal. This is perhaps because Rocha's appellate brief to the district court on this issue consisted solely of a two-sentence assertion, unsupported by citation to authority, that his right against self-incrimination was infringed. In this further appeal, Rocha again cites no authority for his assertion the prosecutor's argument violated his right against self-incrimination. A party waives an issue on appeal if either argument or authority is lacking. *Powell v. Sellers*, 130 Idaho 122, 128, 937 P.2d 434, 440 (Ct. App. 1997).

Even if not waived, Rocha's argument is without merit. In *South Dakota v. Neville*, 459 U.S. 553 (1983), the United States Supreme Court addressed a South Dakota statutory scheme by which a suspected drunk driver was effectively presented with the choice of participating in alcohol testing or losing his driver's license for one year. The Supreme Court held that evidence of the defendant's refusal was admissible over an objection that it violated the privilege against self-incrimination. The Court said, "[A] refusal to take a blood-alcohol test, after a police officer has lawfully requested it, is not an act coerced by the officer, and thus is not protected by the privilege against self-incrimination." *Id.* at 564; *see also State v. Curtis*, 106 Idaho 483, 489, 680 P.2d 1383, 1389 (Ct. App. 1984).

The Fifth Amendment privilege against self-incrimination protects against only compulsion to give testimony against oneself or to otherwise provide "evidence of a testimonial or communicative nature." *State v. Harmon*, 131 Idaho 80, 84-85, 952 P.2d 402, 406-07 (Ct. App. 1998) (citing *Schmerber v. California*, 384 U.S. 757, 761 (1966)). In order to be testimonial, a "communication" must explicitly or implicitly relate a factual assertion or disclose information. Only then is a person compelled to be a witness against himself. *Pennsylvania v. Muniz*, 496 U.S. 582, 589 (1990). In *Harmon*, this Court concluded that the Fifth Amendment privilege against self-incrimination is not implicated by the administration of a breath test because the test results are not testimonial or communicative evidence. *Harmon*, 131 Idaho at 84-85, 952 P.2d at 406-07. Accordingly, refusal to do a breath test also does not implicate the Fifth Amendment privilege against self-incrimination. Because evidence of testing refusal does

8

not violate the privilege against self-incrimination, prosecution comment on that evidence during closing argument necessarily did not violate the privilege.

Finally, Rocha also contends that in his closing argument the prosecutor improperly argued facts not in evidence. At trial, the arresting officer testified that after Rocha refused a breath test, she did not conduct a forcible blood draw because that was Meridian Police Department policy. The officer was not asked why this policy had been adopted. During closing argument, defense counsel advanced the unusual argument that "a message needs to be sent" that the police department was remiss in not conducting a forcible blood draw from her client because this denied Rocha proof of his innocence. In rebuttal argument, the prosecutor responded that the Department's policy of not conducting forcible blood draws "should not be held against them." Then he added: "There is any number of reasons why the City of Meridian has chosen not to go that route. Obviously cause some kind of liability." At this point, defense counsel objected on the ground that the prosecutor was arguing facts not in evidence. The magistrate overruled the objection.

A closing argument may not refer to facts not in evidence. *Phillips*, 144 Idaho at 86, 156 P.3d at 587; *State v. Martinez*, 136 Idaho 521, 525, 37 P.3d 18, 22 (Ct. App. 2001). Both sides, however, have traditionally been afforded considerable latitude in closing argument to the jury and are entitled to discuss fully, from their respective standpoints, the evidence and the inferences to be drawn therefrom. *Sheahan*, 139 Idaho at 280, 77 P.3d at 969. On intermediate appeal, the district court held that the prosecutor's argument did not refer to facts not in evidence because it was not a statement of fact. Instead, the court concluded, the prosecutor's discussion of avoidance of liability as one possible reason for the policy was proper argument because this was a permissible inference drawn from the trial evidence.

In this appeal, Rocha challenges the district court's reasoning, asserting that the prosecutor's argument was not an inference because it "was stated as fact." Rocha concedes, however, that "had the prosecutor argued in his closing that 'there are numerous reasons a city *might not want* to force blood draws any one of which could be policy, financial, training all of these things,' we would not be arguing the issue." (Emphasis added.)

We conclude that the prosecutor's argument was a permissible discussion of inferences drawn from the evidence as he did no more than posit the possibility of "liability" as one of "any number of reasons why" the policy existed. The law does not require perfect articulation of

9

closing arguments, nor is a prosecutor required (as Rocha contends) to insert the words "might" or "could be" into an argument in order make clear that he or she is arguing inferences from the evidence rather than asserting facts. The district court correctly rejected this assertion of error.

## III.

## CONCLUSION

The district court's appellate decision affirming Rocha's judgment of conviction is affirmed.

Judge GRATTON and Judge MELANSON **CONCUR.**