**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 43227**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2016 Unpublished Opinion No. 653 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: August 23, 2016 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| NATHAN R. BAGSHAW, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bingham County. Hon. David C. Nye, District Judge.

Judgment of conviction for possession of controlled substance, methamphetamine, affirmed.

Eric D. Fredericksen, Interim State Appellate Public Defender; Maya P. Waldron, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Russell J. Spencer, Deputy Attorney General, Boise, for respondent.

HUSKEY, Judge

Nathan R. Bagshaw appeals from his judgment of conviction entered upon the jury verdict finding him guilty of possession of a controlled substance, methamphetamine. Bagshaw argues the district court erroneously admitted the audio recording of the stop, and the State committed misconduct in closing argument. We hold even if the district court erred in admitting the audio recording, it was harmless error and Bagshaw failed to show fundamental error caused by prosecutorial misconduct.

**I.**

**FACTS AND PROCEDURE**

On October 27, 2014, a Bingham County Sheriff's deputy stopped a vehicle for speeding. Bagshaw was a passenger in the vehicle. The officer testified he observed Bagshaw in the passenger seat "placing his hand over his face as if he was hiding it." The officer also observed

1

Bagshaw holding a red and white pack of cigarettes. The officer asked for Bagshaw's name and date of birth. Bagshaw gave the officer a false name and birthdate. Dispatch ran the information and found no record. The officer continued to question Bagshaw about his identity, and Bagshaw gave the officer a different birth year. The officer then asked Bagshaw to exit the vehicle for further questioning.

The officer testified:

> Most of time when you pull somebody out of the vehicle and they want to cooperate, our correct route in training is behind the vehicle because you use it for cover. And usually they'll step back to meet you.
> Instead of stepping back to meet me . . . [h]e kind of hurried to the front of the vehicle in a suspicious way, kind of looking back to see what I was doing.

Bagshaw testified he had been in traffic stops before where an officer asked him to step to the front of the vehicle and others where an officer asked him to step to the back. Because the officer in this case did not specify where Bagshaw should go, Bagshaw testified he went to the front of the vehicle because it was the "nearest point." Bagshaw then went to the back of the vehicle upon the officer's request and when further questioned about his identity, Bagshaw continued to give the officer false information. Eventually, Bagshaw gave the officer his true name, admitting he had an arrest warrant. The officer confirmed Bagshaw's warrants, arrested him, and allowed the vehicle to leave. After the vehicle pulled away, the officer noticed a red and white pack of cigarettes on the road where the front of the vehicle had been parked and where Bagshaw had stood. The officer found methamphetamine inside the cigarette pack. Bagshaw denied the cigarette pack belonged to him.

The State charged Bagshaw with felony possession of a controlled substance, methamphetamine, Idaho Code § 37-2732(c)(1). Bagshaw pleaded not guilty and filed a motion in limine to exclude the audio portion of the traffic stop video recording taken by the officer's dash camera and testimony from the officer that Bagshaw gave false information. After reviewing the video, the district court granted Bagshaw's motion. The case proceeded to trial, and the State asked the court to reconsider its ruling on the motion in limine. The State argued the audio recording was admissible as evidence of consciousness of guilt and cited to *United States v. Guerrero*, 756 F.2d 1342 (9th Cir. 1984) and *State v. Pokorney*, 149 Idaho 459, 235 P.3d 409 (Ct. App. 2010) in support. In response, Bagshaw argued the audio recording did not show consciousness of guilt because there is no nexus between giving an officer a false identity and actually possessing methamphetamine.

2

The court granted the State's motion for reconsideration, finding:

> There's no question that evidence can be admissible for more than one purpose. . . . The evidence is certainly relevant to any claim that [Bagshaw] did not want to be arrested on the warrant. It's certainly also relevant to the circumstantial evidence of . . . consciousness of guilt.
>
> . . . What the State is now telling me is that the case laws they've given me supports that connection and it should come in.
>
> I think this is a discretionary matter for the Court. And given these cases, I'm going to allow the audio in.

The court later explained the holding in *State v. Passons*, 158 Idaho 286, 346 P.3d 303 (Ct. App. 2015) supported its decision because "the evidence of misidentification may have more than one purpose behind it, but it still comes in, and [the attorneys] are free to argue weight to the jury."

During closing arguments, the prosecutor stated:

> What we do know is that Nathan Bagshaw got out of the van and walked to the front of the van and paused. He walked to the front of the van out of the light and out of the camera view.
>
> What we do know is that he has been pulled over several times, in his testimony, and he knows better where to walk to get out of the view of the camera.
>
> We know what he paused for. We know that his last-ditch effort on getting rid of the methamphetamine was his only hope on not getting caught.

The jury found Bagshaw guilty of possession of methamphetamine. The court sentenced Bagshaw to a unified term of seven years, with three years determinate, and retained jurisdiction. Following the period of retained jurisdiction, the district court placed Bagshaw on probation for five years. Bagshaw timely appealed.

## II.

## ANALYSIS

Bagshaw argues the issue in this case is what nexus is required to use Bagshaw's inculpatory statement about giving false information to avoid an arrest warrant as consciousness of guilt for the crime of possession of methamphetamine. However, we need not address this issue because even if the district court erroneously admitted the audio recording, it was harmless error.

Bagshaw asserts it was not harmless error to admit the audio because it suggested an improper basis on which to convict; i.e., that Bagshaw lied to the officer. In response, the State argues the error was harmless because there was additional evidence presented that Bagshaw

3

gave false information to the officer. Additionally, the State notes Bagshaw did not object to this testimony below or challenge its admission on appeal.

Error is not reversible unless it is prejudicial. *State v. Stoddard*, 105 Idaho 169, 171, 667 P.2d 272, 274 (Ct. App. 1983). With limited exceptions, even constitutional error is not necessarily prejudicial error. *Id*. Thus, we examine whether the alleged error complained of in the present case was harmless. *State v. Lopez*, 141 Idaho 575, 578, 114 P.3d 133, 136 (Ct. App. 2005). An improper evidentiary ruling may be deemed to be harmless if the error does not affect a substantial right of the defendant. *State v. Parker*, 157 Idaho 132, 139-140, 334 P.3d 806, 813-814 (2014). In such a case, the burden is on the State to establish "beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained." *State v. Perry*, 150 Idaho 209, 221, 245 P.3d 961, 973 (2010).

The purpose of the audio recording was to show Bagshaw gave false information to the officer about his identity. However, the jury had already heard testimony from the officer that Bagshaw gave the officer multiple false names and birthdates, and Bagshaw himself testified he gave false information to the officer. Thus, the jury heard ample evidence of what the audio recording portrayed: Bagshaw lied to the officer about his identity. Because the jury heard from the officer and from Bagshaw that Bagshaw gave false information about his identity, the audio recording was cumulative evidence of what had already been presented through testimony. Moreover, the jury heard other evidence of Bagshaw's guilt, such as testimony from the officer that he observed Bagshaw holding a red and white cigarette pack in the vehicle, Bagshaw acted suspiciously when he hurried to the front of the vehicle instead of meeting the officer at the back, and a red and white cigarette pack was later found on the road near where Bagshaw had stood at the front of the vehicle. Because the jury was presented with the officer's testimony that Bagshaw lied about his identity, Bagshaw's own testimony that he lied about his identity, and other evidence establishing Bagshaw's guilt, we can conclude beyond a reasonable doubt the admission of the audio recording did not contribute to the verdict. Thus, to the extent the admission of the audio recording was error, it was harmless error.

**B.    Fundamental Error**

Also at issue on appeal is Bagshaw's claim that the prosecutor committed prosecutorial misconduct in closing argument. As noted above, the prosecutor stated in closing argument that Bagshaw knew "where to walk to get out of the view of the camera." Bagshaw contends the

4

statement violated his due process rights because the statement is not factually supported and it improperly implies Bagshaw was a seasoned criminal.

Bagshaw acknowledges that he did not object to this argument before the trial court. Generally, issues not raised below may not be considered for the first time on appeal. *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992). Idaho decisional law, however, has long allowed appellate courts to consider a claim of error to which no objection was made below if the issue presented rises to the level of fundamental error. *See State v. Field*, 144 Idaho 559, 571, 165 P.3d 273, 285 (2007); *State v. Haggard*, 94 Idaho 249, 251, 486 P.2d 260, 262 (1971). In *Perry*, the Idaho Supreme Court abandoned the definitions it had previously utilized to describe what may constitute fundamental error. The *Perry* Court held that an appellate court should reverse an unobjected-to error when the defendant persuades the court that the alleged error: (1) violates one or more of the defendant's unwaived constitutional rights; (2) is clear or obvious without the need for reference to any additional information not contained in the appellate record; and (3) affected the outcome of the trial proceedings. *Id.* at 226, 245 P.3d at 978.

Misconduct may occur during closing argument if a prosecutor diminishes or distorts the State's burden to prove the defendant's guilt beyond a reasonable doubt. *State v. Erickson*, 148 Idaho 679, 685, 227 P.3d 933, 939 (Ct. App. 2010). A closing argument may not refer to facts not in evidence. *State v. Phillips*, 144 Idaho 82, 86, 156 P.3d 583, 587 (Ct. App. 2007). Both the prosecutor and defense counsel, however, are afforded considerable latitude in closing argument to the jury and are entitled to discuss fully, from their respective standpoints, the evidence and the inferences to be drawn therefrom. *State v. Rocha*, 157 Idaho 246, 252, 335 P.3d 586, 592 (Ct. App. 2014).

The evidence at trial showed the officer asked Bagshaw to exit the vehicle. Rather than join the officer at the back of the vehicle, the officer testified Bagshaw "hurried to the front of the vehicle in a suspicious way" and looked back to see what the officer was doing. Bagshaw himself testified he went to the front of the vehicle, explaining, "I've been in traffic stops where they've asked for me to step to the front and some where they ask to step to the rear." Evidence also presented at trial shows the officer observed Bagshaw in the vehicle with a red and white cigarette pack, but found no such pack on Bagshaw's person after a search incident to arrest.

5

Further, the cigarette pack found where the front of the vehicle had been was substantially similar to the one the officer observed Bagshaw holding.

Based on the facts in evidence, we conclude that the prosecutor's argument was a permissible discussion of inferences drawn from the evidence as he did no more than posit the possibility of what happened to the cigarette pack the officer observed Bagshaw possessed in the vehicle, but did not possess once he left the vehicle. We perceive no error, much less fundamental error. While Bagshaw contends that, in effect, the prosecutor argued Bagshaw was a seasoned criminal, the prosecutor said no such thing; the prosecutor merely argued a permissible inference arising from the trial evidence--that Bagshaw dropped the cigarette pack with the methamphetamine at the front of the vehicle because he knew he would not be seen by the officer's dash camera. This was not an improper argument. Therefore, Bagshaw has not shown a violation of an unwaived constitutional right necessary to demonstrate fundamental error and we need not address the other *Perry* prongs. Thus, we find Bagshaw has not established any misconduct during closing argument.

### III.
### CONCLUSION

Even if the district court erred in admitting the audio recording, the error was harmless. Further, there was no fundamental error caused by prosecutorial misconduct in the State's closing argument. Therefore, Bagshaw's judgment of conviction is affirmed.

Judge GUTIERREZ and Judge GRATTON **CONCUR**.