# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 47117

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: October 16, 2020** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| PATRICK EDWARD WILLIAM | ) **OPINION AND SHALL NOT** |
| SMRZ, | ) **BE CITED AS AUTHORITY** |
| | ) |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Third Judicial District, State of Idaho, Payette County. Hon. Susan E. Wiebe, District Judge.

Judgment of conviction and sentence for failure to register as a sex offender, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

GRATTON, Judge

Patrick Edward William Smrz appeals from his conviction for failure to register as a sex offender. Smrz argues that the district court erred by (1) admitting extrinsic evidence of specific conduct to impeach the credibility of a witness over his objection; and (2) erroneously limiting its sentencing discretion. For the reasons set forth below, we affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Smrz was charged with failure to register as a sexual offender. Idaho Code § 18-8304. The charges arose after an investigation responding to a complaint found that Smrz, who was registered as a sexual offender in Oregon, had established residence in Idaho without updating his registration. Smrz exercised his right to a jury trial. At trial, the State presented evidence that

1

Smrz had been living in a house owned by Smrz's friend, Ms. Buck. Smrz argued that, although he regularly visited Ms. Buck's residence, he maintained residency in Oregon. Smrz presented the testimony of Ms. Buck, who testified that although Smrz frequented and kept property at her house, he maintained residency in Oregon and returned to his campsite across the border after visiting her.

On cross-examination, the State questioned Ms. Buck on her relationship with Smrz. As part of its questioning, the State moved to admit a copy of a 2003 affidavit Ms. Buck had executed in relation to Smrz's original sex-offense charge. Smrz objected, arguing that the affidavit was not relevant to whether he had been living at Ms. Buck's house in 2018. The district court inquired whether the affidavit would be used for purposes of impeachment and, upon receiving an affirmation from the State, overruled Smrz's objection.

The State continued questioning Ms. Buck with regard to the affidavit, specifically referencing an incident where Smrz's prior attorney had filed a complaint with the State Bar alleging that Ms. Buck had engaged in the unauthorized practice of law. The State acknowledged that Ms. Buck denied ever representing herself as an attorney, and assumed her denial was true. The State then asked if Ms. Buck had been attempting to help Smrz because of their friendship, and if she was doing the same for him now. Ms. Buck answered that she was still trying to help Smrz.

The jury found Smrz guilty. After the verdict, the district court scheduled a sentencing hearing and asked Smrz if he wished to participate in the presentence investigation. Smrz asked whether he could elect not to participate, invoking his right to remain silent. The district court told Smrz that he could do so, but that the court was barred by statute from considering probation if he did not participate in the presentence investigation. Smrz initially submitted answers, but ultimately decided against participating further.

Despite the district court's earlier statements that it was barred from considering probation, the court considered probation during sentencing, but decided instead on imprisonment. The district court executed a unified sentence of five years, with two years determinate. Smrz timely appeals.

## II.

## ANALYSIS

Smrz argues that the district court abused its discretion by admitting inadmissible extrinsic evidence to impeach Ms. Buck's testimony in violation of Idaho Rule of Evidence 608(b), and by erroneously limiting the scope of its discretion in sentencing. The State argues that Smrz's Rule 608(b) claim was not preserved, and that the district court did not limit its sentencing discretion. We will address each of these contentions below.

### A.    I.R.E. 608(b)

Smrz cites to Rule 608(b) to argue that the affidavit used by the State was inadmissible extrinsic evidence used to impeach Ms. Buck's character for truthfulness. The State argues that this argument was not preserved, as Smrz's objection was not based on Rule 608(b) but relevancy, and that the affidavit was admissible as impeachment evidence based on Ms. Buck's bias toward helping Smrz, rather than character.

Appellate court review is limited to the evidence, theories, and arguments that were presented below. *State v. Garcia-Rodriguez*, 162 Idaho 271, 275, 396 P.3d 700, 704 (2017). Idaho Rule of Evidence 103(a)(1) requires that an objection state "the specific ground of objection." "An objection on one ground will not preserve a separate and different basis for excluding the evidence." *State v. Rocha*, 157 Idaho 246, 251, 335 P.3d 586, 591 (Ct. App. 2014). Smrz's objection to the use of the extrinsic evidence was based on relevance, not Rule 608(b). Smrz argues that Rule 608(b) is a "rule of relevance," and his claim is therefore preserved. However, while it is true that relevance is a factor for the district court to consider when admitting evidence under Rule 608(b), this is also true for every other type of evidence. An objection based on as broad of grounds as relevance[1] does not require the district court to make a ruling on every rule through which the evidence may have been admitted or denied. *State v. Hall*, 163 Idaho 744, 772,

---

[1]    Evidence is relevant if it "has any tendency to make a fact more or less probable" and if that fact "is of consequence in determining the action." Idaho Rule of Evidence 401. Here, Smrz argued below that the affidavit was not relevant to his residency in 2018. However, the State and the district court correctly recognized its relevance as to credibility. "Evidence relating to the credibility of a witness is always relevant." *State v. Ehrlick*, 158 Idaho 900, 926, 354 P.3d 462, 488 (2014).

419 P.3d 1042, 1070 (2018). Therefore, Smrz's 608(b) argument was not adequately preserved, and we will not further consider that issue on appeal.[2]

**B.      Sentencing Discretion**

Smrz next argues that the district court abused its discretion by erroneously stating its sentencing discretion was limited by statute if Smrz did not participate in the presentence investigation. The State argues that the district court did not abuse its discretion because, despite the court's statement, it did not limit its discretion as it considered probation at sentencing.

When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

The district court did not specifically reference a particular statute; however, Idaho Code § 20-220 requires that a written investigation report be prepared, and presented to and considered by the court, before a defendant convicted of a felony can be placed on probation or released under suspension of sentence. While the district court initially couched the possibility of probation in Smrz's own participation in the presentence investigation, the court also acknowledged Smrz could exercise his Fifth Amendment right. Ultimately, a presentence investigation was prepared and presented to the district court, albeit with Smrz's partial participation.

Smrz argues that, because of the statement made when scheduling the sentencing hearing, the district court did not correctly perceive the issue as one of discretion. However, while it is true that the district court's initial statements that it could not consider probation without Smrz's participation were incorrect, the record indicates that the court did not continue to hold this view at the sentencing hearing. At sentencing, the district court stated that it considered both probation

---

[2]      Even had this argument been preserved, Rule 608(b) would not bar the State's use of this evidence on cross-examination. Rule 608(b) prohibits the use of extrinsic evidence on direct examination to attack or support a witness's character for truthfulness. The State's purpose in using the affidavit in this case was to impeach Ms. Buck by showing her bias toward helping Smrz, not to attack her character for truthfulness. Further, even had the State intended to use the affidavit to attack Ms. Buck's character for truthfulness, Rule 608(b) permits this on cross-examination, which is when the affidavit was admitted.

and imprisonment, a statement wholly inconsistent with its prior assertion that it could not consider probation. Although the district court's initial statement was incorrect, the record makes clear that this misunderstanding was rectified before sentencing took place.

## III.

## CONCLUSION

The district court did not err when it admitted Ms. Buck's signed affidavit into evidence and did not limit its sentencing discretion. Therefore, we affirm the district court's judgment of conviction and sentence for failure to register as a sex offender.

Judge LORELLO and Judge BRAILSFORD **CONCUR**.