# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 48421

| | |
|---|---|
| STATE OF IDAHO,<br><br>      Plaintiff-Respondent,<br><br>v.<br><br>JUSTIN THOMAS YOUNGMAN,<br><br>      Defendant-Appellant. | Filed: September 17, 2021<br><br>Melanie Gagnepain, Clerk<br><br>THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. John T. Mitchell, District Judge.

Order denying motion to suppress and judgment of conviction, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Jacob L. Westerfield, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

---

HUSKEY, Chief Judge

Justin Thomas Youngman appeals from the judgment of conviction entered upon his conditional guilty plea to trafficking in heroin, Idaho Code § 37-2732B(a)(6)(A). Youngman argues the district court erred in denying his motion to suppress. Because Youngman fails to show error in the district court's decision, we affirm the district court's order denying Youngman's motion to suppress and judgment of conviction.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Sergeant Klitch observed a vehicle engage in multiple suspected traffic violations: the vehicle merged onto the interstate without using a turn signal, failed to maintain a lane, followed another vehicle too closely, had an obstructed license plate, and did not appear to have a muffler. Sergeant Klitch turned on his emergency lights to initiate a traffic stop, and the vehicle pulled over

approximately thirty-six seconds later. Sergeant Klitch made contact with Youngman, who was driving the vehicle, and explained the reasons for the traffic stop. Sergeant Klitch observed that Youngman's speech was rapid, his eyes were glassy and bloodshot, and his pupils appeared to be dilated.

Youngman informed Sergeant Klitch that his driving privileges were suspended and he did not have a driver's license, and Sergeant Klitch directed Youngman to exit the vehicle. Sergeant Klitch conducted a Romberg test, which measures an individual's perception of time. Youngman did not follow the exact instructions Sergeant Klitch gave for the Romberg test, but Youngman indicated that he believed thirty seconds had passed after sixteen seconds. Sergeant Klitch observed a needle mark on Youngman's arm. At this point, Sergeant Klitch, who had spent seven years as a certified drug recognition expert (DRE), suspected Youngman was under the influence of a central nervous system stimulant.

Sergeant Klitch conducted a license check, which confirmed Youngman's Washington state driver's license was suspended. At some point, Sergeant Klitch called for additional law enforcement to assist. Sergeant Klitch asked for Youngman's consent to search the vehicle and Youngman declined. Sergeant Klitch conducted the horizontal gaze nystagmus test (HGN), and Youngman showed two out of six indicators of intoxication. Sergeant Klitch asked Youngman to perform additional field sobriety tests and Youngman refused. Sergeant Klitch arrested Youngman for driving under the influence. Sergeant Klitch searched Youngman incident to arrest. In Youngman's pocket, Sergeant Klitch discovered a bag containing a brown tarry substance he recognized as heroin.

Shortly after Youngman's arrest, additional law enforcement officers arrived on scene. An officer ran a drug-detection dog along the outside of Youngman's vehicle. The dog alerted at the driver's door and law enforcement searched the vehicle and found methamphetamine and heroin.

The State charged Youngman with trafficking in heroin, possession of methamphetamine, driving under the influence, and a persistent violator enhancement. Youngman moved to suppress the evidence, arguing in part that he was unlawfully arrested because Sergeant Klitch lacked probable cause to believe Youngman was driving under the influence. The district court denied the motion, finding that Sergeant Klitch had probable cause to arrest Youngman for driving under the influence.

2

Youngman entered a conditional guilty plea to trafficking in heroin, reserving the right to appeal the denial of the motion to suppress, and the State dismissed the additional charges and the persistent violator enhancement. Youngman timely appeals.

## II.

## STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

## III.

## ANALYSIS

Youngman argues the district court erred by denying his motion to suppress because Sergeant Klitch did not have probable cause to arrest Youngman. The State contends that the district court's factual findings establish probable cause to arrest Youngman and, therefore, the district court did not err by denying the motion to suppress.

Probable cause is the possession of information that would lead a person of ordinary care and prudence to believe or entertain an honest and strong presumption that a person they have placed under arrest is guilty of a crime. *See State v. Julian*, 129 Idaho 133, 136, 922 P.2d 1059, 1062 (1996). Probable cause is not measured by the same level of proof required for conviction. *Id*. Rather, probable cause deals with the factual and practical considerations on which reasonable and prudent persons act. *Brinegar v. United States*, 338 U.S. 160, 175 (1949); *Julian*, 129 Idaho at 136, 922 P.2d at 1062. When reviewing an officer's actions, the court must judge the facts against an objective standard. *Julian*, 129 Idaho at 136, 922 P.2d at 1062. That is, would the facts available to the officer, at the moment of the seizure or search, warrant a reasonable person in holding the belief that the action taken was appropriate. *Id*. A probable cause analysis must allow room for mistakes on the part of the arresting officer but only the mistakes of a reasonable person

3

acting on facts which sensibly led to his or her conclusions of probability. *State v. Kerley*, 134 Idaho 870, 874, 11 P.3d 489, 493 (Ct. App. 2000).

The district court found that Sergeant Klitch had probable cause to arrest Youngman based on its findings that Youngman was initially speeding; drove "well below the speed limit" at times when Sergeant Klitch was driving beside him prior to initiating the traffic stop; followed a vehicle in front of him too closely; crossed over the fog line while driving; failed to maintain his lane while driving; took approximately thirty-six seconds to pull over and come to a stop after Sergeant Klitch activated his emergency lights; had extremely rapid speech; failed to follow instructions on the Romberg test; failed the Romberg test; had two indicators on the HGN test; had dilated pupils; had glassy and bloodshot eyes; had needle marks on his arm; and refused to take all of the field sobriety tests. Youngman asserts that these facts would not lead a reasonably prudent officer to believe that Youngman was under the influence prior to his arrest.

Youngman does not challenge the district court's findings that Youngman followed the vehicle in front of him too closely, took about thirty-six seconds to pull over and come to a stop, had rapid speech, had needle marks on his arm, and refused to participate in additional field sobriety tests. Additionally, Youngman acknowledges that his refusal to participate in field sobriety test supports the district court's finding that Sergeant Klitch had probable cause to arrest Youngman. *State v. Rocha*, 157 Idaho 246, 251, 335 P.3d 586, 591 (Ct. App. 2014) (explaining that an individual's refusal to participate in field sobriety tests is relevant to show consciousness of guilt).

Youngman also does not challenge the evidence supporting the district court's findings that Youngman failed to follow instructions on the Romberg test and failed the Romberg test. Instead, Youngman asserts that the Romberg test is not a standardized field sobriety test; therefore, this Court should limit the weight given to the test or decline to consider it entirely. Sergeant Klitch testified that he learned the Romberg test as part of his DRE training. Accordingly, whether or not the Romberg test is a "standardized" test does not affect its validity and relevance. Moreover, Youngman is asking this Court to reweigh the evidence, which we decline to do. *See Atkinson*, 128 Idaho at 561, 916 P.2d at 1286.

Youngman raises a similar challenge to the district court's findings that Youngman had glassy and bloodshot eyes and that his pupils were dilated, and argues that the district court should

have given little or no weight to the condition of Youngman's eyes during the stop. Youngman is again asking us to reweigh the evidence, which we decline to do. *See id.*

Youngman emphasizes that he had only two out of the six indicators of impairment during the HGN test. At the hearing on the motion to suppress, Sergeant Klitch explained that the HGN test measures central nervous system depressants, not stimulants, and that during the stop, he suspected Youngman was under the influence of a stimulant. Youngman's HGN indicators, or lack thereof, were consistent with Sergeant Klitch's testimony that he suspected Youngman was under the influence of a stimulant. Additionally, Youngman does not argue the district court incorrectly considered this factor. Therefore, we accept the district court's finding and consideration of this factor. *See id.*

Youngman also points out that Sergeant Klitch was not a certified drug recognition expert at the time of Youngman's arrest, as Sergeant Klitch's DRE certification lapsed in 2015. The district court acknowledged that although Sergeant Klitch's certification was not current at the time of Youngman's arrest, that "does not mean he forgets all he learned in his training and experience as a DRE for eight years." Additionally, the district court recognized that "Sergeant Klitch testified to a host of specific, articulable facts he observed in Youngman to develop reasonable suspicion to investigate and probable cause to arrest Youngman for driving under the influence of drugs." That Sergeant Klitch's certification as a DRE had lapsed does not negate any of the specific articulable facts that gave rise to probable cause.

Youngman argues the district court's finding that Youngman was speeding is not supported by substantial evidence. We agree. Officer Klitch did not testify that Youngman exceeded the speed limit, and there is no other evidence to support the district court's finding that Youngman was speeding. Youngman also challenges the district court's finding that Youngman both crossed the fog line and failed to maintain a lane. However, Youngman does not argue that this finding is not supported by substantial evidence and, instead, seems to assert that his act of crossing the fog line was one in the same with his failure to maintain a lane. Whether Youngman failed to maintain an appropriate driving pattern once or twice, or the lack of evidence that he was speeding, does not change the analysis or outcome of this case considering the additional circumstances present. The other facts available to Sergeant Klitch would lead a reasonable person to entertain an honest and strong presumption that Youngman was driving under the influence of

5

a controlled substance.  Accordingly, the district court did not err in finding that Sergeant Klitch had probable cause to arrest Youngman for driving under the influence.

## IV.

## CONCLUSION

Youngman has failed to show the district court erred in denying his motion to suppress. Consequently, we affirm the district court's denial of Youngman's motion to suppress and judgment of conviction.

Judge LORELLO and Judge BRAILSFORD **CONCUR**.