IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 50426

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | |
| | ) | Filed: March 14, 2025 |
| Plaintiff-Respondent, | ) | |
| | ) | Melanie Gagnepain, Clerk |
| v. | ) | |
| | ) | THIS IS AN UNPUBLISHED |
| JOSH OLIE ANDERSON, | ) | OPINION AND SHALL NOT |
| | ) | BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Barbara Duggan, District Judge.

Judgment of conviction for two counts of lewd conduct with a minor child under the age of sixteen years, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Kimberly A. Coster, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Elizabeth H. Estess, Deputy Attorney General, Boise, for respondent.

---

HUSKEY, Judge

Josh Olie Anderson appeals from his judgment of conviction for two counts of lewd conduct with a minor child under the age of sixteen years. Anderson argues the district court erred in overruling his objection to the prosecutor's closing argument because the prosecutor referred to facts not in evidence and sought to inflame the passions of the jury. The district court did not err in overruling Anderson's objection because the prosecutor did not commit misconduct during closing argument. Anderson's judgment of conviction is affirmed.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

For acts committed against the victim when she was between five and seven years old, the State charged Anderson with two counts of lewd conduct with a minor child under the age of sixteen years, Idaho Code § 18-1508. The matter proceeded to a jury trial. During closing

1

argument, Anderson's trial counsel told the jury that the victim was lying. In response, the prosecutor argued there might be multiple reasons why any victim of a sex crime might not report it. The prosecutor continued by stating that one of those reasons might be fear of being called a liar, citing defense counsel's closing argument. The prosecutor did not specifically reference the victim in this case but kept the reference to victims generally. Anderson's trial counsel objected, arguing the prosecutor committed misconduct because the prosecutor's reference to the reason for the victim's delayed disclosure referred to evidence not before the jury. The district court overruled the objection, finding that the challenged statement was not improper, but rather, was fair comment on the prosecutor's discussion with the venire during voir dire and the testimony presented. The jury found Anderson guilty on both counts. Anderson appeals.

## II.

## STANDARD OF REVIEW

Although our system of criminal justice is adversarial in nature, and the prosecutor is expected to be diligent and leave no stone unturned, the prosecutor is nevertheless expected and required to be fair. *State v. Field*, 144 Idaho 559, 571, 165 P.3d 273, 285 (2007). However, in reviewing allegations of prosecutorial misconduct we must keep in mind the realities of trial. *Id.* A fair trial is not necessarily a perfect trial. *Id.* When there has been a contemporaneous objection, we determine factually if there was prosecutorial misconduct and then determine whether the error was harmless. *Id.*; *State v. Phillips*, 144 Idaho 82, 88, 156 P.3d 583, 589 (Ct. App. 2007). Where a criminal defendant shows a reversible error based on a contemporaneously objected-to constitutional violation, the State then has the burden of demonstrating to the appellate court beyond a reasonable doubt that the constitutional violation did not contribute to the jury's verdict. *State v. Johnson*, 163 Idaho 412, 421, 414 P.3d 234, 243 (2018). A conviction will not be set aside for small errors or defects that have little, if any, likelihood of having changed the results of the trial. *State v. Baker*, 161 Idaho 289, 299, 385 P.3d 467, 477 (Ct. App. 2016).

## III.

## ANALYSIS

Anderson argues the district court erred by overruling his prosecutorial misconduct objection during the prosecutor's closing argument. Anderson asserts that the prosecutor committed misconduct by introducing evidence not before the jury. Anderson also argues the prosecutor sought to convict Anderson based on the jury's passions and prejudices by arguing that

2

victims do not report sexual abuse because they fear not being believed. The State responds that the district court correctly denied Anderson's objection because the prosecutor did not commit misconduct during closing argument and Anderson's argument regarding the jury's passions and prejudices is not preserved. Alternatively, the State argues that even if the district court erred in denying Anderson's objection, any error was harmless.

During closing argument, the defense stated: "[the victim] has blatantly lied to you about what happened" and "it doesn't change the fact that it is a blatant lie."

The prosecutor, in rebuttal, made the following statement:

During voir dire we talked about some of the reasons why a child or anybody, a victim of a sex crime might not come out and report it. One of the reasons is fear that they wouldn't be believed, that they would be called a liar. Just like [defense counsel] has done for the past twenty minutes.

Defense counsel objected, arguing:

Judge, my objection is that there is no evidence that [the victim] says she didn't report it based upon being fearful that she would not be believed. [The Prosecutor] is attributing reasons for why she didn't do that based upon no evidence and that's prosecutorial misconduct.

The district court overruled the objection, holding that:

[The prosecutor] was particularly careful to talk about what [another prosecutor] had discussed with the jurors during voir dire about hesitancy potentially to reporting a crime, and while there is no--your objection is based upon an unfair comment on the evidence, since you say there is no evidence that she feared reporting a crime, because she feared being called a liar?

The district court continued, stating that, "I think that there's latitude in closing. I don't think [it] constitutes prosecutorial misconduct. It was a diligent cross-examination of the child and I think it's a fair comment on the testimony."

Closing argument serves to sharpen and clarify the issues for resolution by the trier of fact in a criminal case. *Phillips*, 144 Idaho at 86, 156 P.3d at 587. Its purpose is to enlighten the jury and to help the jurors remember and interpret the evidence. *Id.*; *State v. Reynolds*, 120 Idaho 445, 450, 816 P.2d 1002, 1007 (Ct. App. 1991). Both sides have traditionally been afforded considerable latitude in closing argument to the jury and are entitled to discuss fully, from their respective standpoints, the evidence and the inferences to be drawn therefrom. *State v. Sheahan*, 139 Idaho 267, 280, 77 P.3d 956, 969 (2003); *Phillips*, 144 Idaho at 86, 156 P.3d at 587. Closing argument does not require perfect articulation, nor is a prosecutor required to insert the words

"might" or "could be" into an argument in order to make clear that he or she is arguing inferences from the evidence rather than asserting facts. *State v. Rocha*, 157 Idaho 246, 254, 335 P.3d 586, 594 (Ct. App. 2014).

Anderson first argues the prosecutor's statements constituted misconduct because they improperly argued facts not in evidence, citing as support *State v. Fox*, 170 Idaho 846, 867, 517 P.3d 107, 128 (2022). The State responds that Anderson's argument should be rejected because this case is not like *Fox*, but rather, is analogous to *Rocha*.

In *Fox*, during closing argument, the prosecutor made statements that implied the prosecutor was quoting statements Fox made during an interview with law enforcement. *Fox*, 170 Idaho at 867-68, 517 P.3d at 128-29. Fox made no such statements. *Id*. at 867, 517 P.3d at 128. The Idaho Supreme Court held the prosecutor's statements were misleading, could lead a reasonable jury to believe Fox made the statements, and thus, constituted misconduct by either mischaracterizing the evidence or providing facts to the jury that were not in evidence. *Id*. at 868, 517 P.3d at 129.

In *Rocha*, an officer testified that after Rocha refused a breath test, the officer did not conduct a forcible blood draw because that was the police department's policy. *Rocha*, 157 Idaho at 253, 335 P.3d at 593. The officer was not asked why this policy had been adopted. *Id.* During closing argument, defense counsel argued that "a message needs to be sent" that the police department was remiss in not conducting a forcible blood draw from Rocha because the failure to do so denied Rocha proof of his innocence. *Id.* In rebuttal closing argument, the prosecutor responded that the police department's policy of not conducting forcible blood draws "should not be held against them." *Id.* The prosecutor added: "There is any number of reasons why the City of Meridian has chosen not to go that route. Obviously cause some kind of liability." *Id.* At this point, defense counsel objected on the ground that the prosecutor was arguing facts not in evidence, which the magistrate court overruled. *Id.* On appeal to this Court, Rocha argued the prosecutor was referring to facts not in evidence because the prosecutor's argument was stated as fact. *Id.* at 254, 335 P.3d at 594. This Court declined to adopt Rocha's reasoning, finding that the prosecutor's argument was a permissible discussion of inferences drawn from the evidence as he did nothing more than posit the possibility of liability as one of "any number of reasons why" the policy existed. *Id.*

4

That is the situation in this case. The prosecutor did not say that the victim did not report what happened because she was afraid of being called a liar. The prosecutor did not reference the victim at all, instead stating, "one of the reasons" a "child or anybody, a victim of a sex crime," might not report the crime is the fear of not being believed. This was a reference to a discussion with the jurors during voir dire. Like in *Rocha*, the prosecutor "did no more than posit the possibility" that fear of being called a liar as "[one] of the reasons" a victim may not be immediately forthcoming about the abuse. Also like in *Rocha*, the prosecutor's argument was a permissible discussion of inferences drawn from the evidence as he did nothing more than posit the possibility of fear of being called a liar as one of several different reasons why a victim might delay disclosing sexual abuse. As a result, the prosecutor's statement in rebuttal does not rise to the level of so infecting "the trial with unfairness as to make the resulting conviction a denial of due process" that it constitutes prosecutorial misconduct. *State v. Sanchez*, 142 Idaho 309, 318, 127 P.3d 212, 221 (Ct. App. 2005).

Further, the prosecutor was simply responding to defense counsel's statements during closing argument that "[the victim] has blatantly lied to you about what happened" and "it doesn't change the fact that it is a blatant lie." Responding to a suggestion by defense counsel during closing argument is permissible conduct on the part of a prosecutor. *State v. Gross*, 146 Idaho 15, 20, 189 P.3d 477, 482 (Ct. App. 2008); *State v. Gutierrez*, 143 Idaho 289, 294-95, 141 P.3d 1158, 1163-64 (Ct. App. 2006). As found by the district court, the prosecutor did not argue that the victim did not report the allegations of Anderson's sexual abuse because she feared being called a liar. Instead, the prosecutor was responding to defense counsel's closing argument and rebutting the allegation that the victim was a liar by referencing a conversation the State had with the jury during voir dire regarding victims, generally, rather than the victim in the case, specifically. The prosecutor was entitled to respond to the argument raised by the defense counsel. *Gross*, 146 Idaho at 20, 189 P.3d at 482. The prosecutor did not commit misconduct by doing so.

Anderson makes two additional arguments on appeal. First, Anderson argues that because the jury was not presented with expert testimony about the delayed disclosure of sexual abuse, there was no evidentiary support for an argument that inferred reasons for the victim's delayed disclosure. Second, Anderson argues that the prosecutor urged the jury to convict Anderson on improper bases. According to Anderson, the prosecutor: (1) sought to appeal to the jury's sympathies because the prosecutor argued that victims do not report sexual abuse because they

fear not being believed; and (2) urged the jury to convict Anderson to encourage other victims to come forward.

During trial, while defense counsel argued that the prosecutor's rebuttal closing argument was referring to evidence not in the record, defense counsel never argued the prosecutor's statements referenced facts beyond the common knowledge of the jury or that prosecutor improperly urged the jury to convict Anderson on improper bases. As a result, the arguments are preserved. Appellate review is limited to the arguments presented to the trial court. *State v. Garcia-Rodriguez*, 162 Idaho 271, 275, 396 P.3d 700, 704 (2017); *see also State v. Papse*, 167 Idaho 429, 431, 470 P.3d 1238, 1240 (Ct. App. 2020). The district court did not err in overruling Anderson's objection to the prosecutor's closing argument.

## IV.
## CONCLUSION

The district court did not err in overruling Anderson's objection to the prosecutor's rebuttal closing argument because the prosecutor did not commit misconduct. Anderson's judgment of conviction is affirmed.

Judge LORELLO and Judge TRIBE, **CONCUR**.