**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 44713**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2018 Unpublished Opinion No. 372** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: February 26, 2018** |
| | ) | |
| **v.** | ) | **Karel A. Lehrman, Clerk** |
| | ) | |
| **WILLIAM CHRISTIAN KIEPKE,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Deborah A. Bail, District Judge.

Order denying motion to suppress, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kale D. Gans, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Chief Judge

William Christian Kiepke appeals from his conviction for possession of a controlled substance, Idaho Code § 37-2732(c). Kiepke asserts that the district court erred by denying his motion to suppress evidence of drugs and paraphernalia found during a traffic stop. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

A Garden City police officer conducted a traffic stop after Kiepke failed to signal when pulling out of a gas station parking lot. The officer had observed Kiepke interacting with a woman in the parking lot who the officer believed to be a person of interest in a drug investigation. The officer also considered this gas station to be in a "high drug traffic area." The officer had checked Kiepke's license plate number and discovered Kiepke did not have an Idaho driver's license and that his driving privileges were suspended in two other states. Upon being

1

stopped, Kiepke admitted he did not have a valid driver's license, that his driving privileges were suspended in two other states, that he was on parole, and that he was trying to pay some fines. Kiepke provided the officer with an identification card, vehicle registration, and proof of insurance for the car. Shortly thereafter, the officer instructed Kiepke to exit the vehicle. The officer patted Kiepke down for weapons and then had him sit on the front of the patrol car. The officer then initiated a canine sweep on Kiepke's car. The dog alerted on the driver's side window and a subsequent search uncovered marijuana and drug paraphernalia. The officer arrested Kiepke for possession of marijuana, possession of drug paraphernalia, and failure to purchase a driver's license. A second officer searched Kiepke incident to arrest which resulted in the discovery of methamphetamine in one of his socks.

Kiepke subsequently moved to suppress the evidence found in the course of his arrest on the basis that the officer had unlawfully prolonged the detention by abandoning the original mission of the traffic stop in order to conduct the canine sweep. The district court denied the motion. Thereafter, pursuant to a plea agreement, Kiepke pled guilty to possession of methamphetamine reserving his right to appeal the denial of his motion to suppress. The district court imposed a unified sentence of five years, with one year determinate, to run concurrently with an unrelated case. Kiepke timely appeals.

## II.

## ANALYSIS

Kiepke argues that the district court erred by denying his motion to suppress. The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

A traffic stop by an officer constitutes a seizure of the vehicle's occupants and implicates the Fourth Amendment's prohibition against unreasonable searches and seizures. *Delaware v. Prouse*, 440 U.S. 648, 653 (1979); *Atkinson*, 128 Idaho at 561, 916 P.2d at 1286. Under the

2

Fourth Amendment, an officer may stop a vehicle to investigate possible criminal behavior if there is a reasonable and articulable suspicion that the vehicle is being driven contrary to traffic laws. *United States v. Cortez*, 449 U.S. 411, 417 (1981); *State v. Flowers*, 131 Idaho 205, 208, 953 P.2d 645, 648 (Ct. App. 1998). The reasonableness of the suspicion must be evaluated upon the totality of the circumstances at the time of the stop. *State v. Ferreira*, 133 Idaho 474, 483, 988 P.2d 700, 709 (Ct. App. 1999). The reasonable suspicion standard requires less than probable cause but more than mere speculation or instinct on the part of the officer. *Id*. An officer may draw reasonable inferences from the facts in his or her possession, and those inferences may be drawn from the officer's experience and law enforcement training. *State v. Montague*, 114 Idaho 319, 321, 756 P.2d 1083, 1085 (Ct. App. 1988).

Here, neither party contests the legality of the initial traffic stop. Rather, Kiepke argues the officer impermissibly delayed Kiepke's detention by abandoning the original mission of the traffic stop in order to conduct a canine sweep. The State counters that the officer had probable cause to arrest Kiepke from the outset of the stop for driving without a license, and that any ensuing search was justified as a search incident to arrest.

In reaching its decision to deny Kiepke's motion to suppress, the district court concluded:

> [T]here is no appreciable delay whatsoever between the time of justified stop for driving without a license and failing to use a turn signal and the canine circling the vehicle and alerting.
> The dog's alert keeps a justified basis for a more thorough search of the vehicle. The more thorough search of the vehicle immediately uncovers multiple items of drug paraphernalia.
> There is ample justification for the arrest of the defendant himself, and in the search incident to the arrest, drugs are found in his left sock. So I think under the circumstances of this case, on multiple grounds there is no basis whatsoever to suppress this evidence.

Kiepke correctly asserts that the United States Supreme Court and the Idaho Supreme Court have determined law enforcement is not permitted to prolong a traffic stop even when there is little appreciable delay of time. "The rule isn't concerned with when the officer deviates from the original purpose of the traffic stop, it is concerned with the fact that the officer deviates from the original purpose of the stop at all." *State v. Linze*, 161 Idaho 605, 609, 389 P.3d 150, 154 (2016). Rather, "[t]he critical question, then, is . . . whether conducting the sniff 'prolongs'—*i.e.*, adds time to—'the stop.'" *Rodriguez v. United States*, ___ U.S. ___, ___, 135 S. Ct. 1609, 1616 (2015). Here, the officer clearly abandoned the original purpose of the traffic

3

stop when he initiated a canine sweep of the vehicle. Therefore, the district court incorrectly determined that there being no appreciable delay excused the officer abandoning the original purpose of the traffic stop.

However, our analysis does not end there. The threshold question involves probable cause. An officer may perform a warrantless search only incident to an arrest that is lawful. In order to be lawful, an officer must have probable cause for the arrest. Probable cause is the possession of information that would lead a person of ordinary care and prudence to believe or entertain an honest and strong presumption that a person they have placed under arrest is guilty of a crime. *See State v. Julian*, 129 Idaho 133, 136, 922 P.2d 1059, 1062 (1996). Probable cause is not measured by the same level of proof required for conviction. *Id*. Rather, probable cause deals with the factual and practical considerations on which reasonable and prudent persons act. *Brinegar v. United States*, 338 U.S. 160, 175 (1949); *Julian*, 129 Idaho at 136, 922 P.2d at 1062. When reviewing an officer's actions, the court must judge the facts against an objective standard. *Julian*, 129 Idaho at 136, 922 P.2d at 1062. That is, would the facts available to the officer, at the moment of the seizure or search, warrant a reasonable person in holding the belief that the action taken was appropriate. *Id.* A probable cause analysis must allow room for mistakes on the part of the arresting officer but only the mistakes of a reasonable person acting on facts which sensibly led to his or her conclusions of probability. *State v. Kerley*, 134 Idaho 870, 874, 11 P.3d 489, 493 (Ct. App. 2000).

Kiepke argues that the search of his car and person was not justified as a search incident to arrest. Kiepke asserts that this case is analogous to *State v. Lee*, 162 Idaho 642, 402 P.3d 1095 (2017). In *Lee*, after an officer observed Lee driving without privileges, the officer approached Lee on the sidewalk and subsequently patted him down for weapons pursuant to *Terry v. Ohio*, 392 U.S. 1 (1968). *Lee*, 162 Idaho at 645-46, 402 P.3d at 1098-99. The officer found small containers of marijuana and methamphetamine in Lee's pockets. *Id*. at 646, 402 P.3d at 1099. Lee filed a motion to suppress, arguing he was searched in violation of the Fourth Amendment of the United States Constitution. Lee argued that the pat-down exceeded the scope of a permissible *Terry* frisk because the officer opened the containers which could not contain weapons. Lee also argued that the search could not be justified as a search incident to arrest because the officer who searched Lee told him prior to the search that he would only get a citation for driving without privileges. *Id*.

4

The district court concluded the pat-down was reasonable but the officer exceeded the scope of the frisk by opening the containers found in Lee's pockets. However, the district court concluded the search of the containers was permissible as a search incident to Lee's arrest because, prior to the search, the officer had probable cause to arrest Lee for driving without privileges and the search was substantially contemporaneous with the arrest. *Id.* The Supreme Court agreed that the pat-down was justified but exceeded the permissible scope. *Id.* at 649, 402 P.3d at 1102. However, the Supreme Court held that the search of the containers was not a valid search incident to arrest because no arrest had occurred or was going to occur. *Id.* at 651, 402 P.3d at 1104. Because the warrantless search could not be justified as a search incident to arrest, it was unlawful, and the evidence seized had to be suppressed. *Id.* at 653, 402 P.3d at 1106. Therefore, the Court reversed the district court's denial of Lee's motion to suppress. *Id.*

Kiepke is correct that *Lee* makes clear a search incident to arrest is not so absolute that it extends to every traffic stop for which there is probable cause. The Idaho Supreme Court adopted the rationale that the reasonableness of a search is determined by the totality of the circumstances. Further, that the court can determine if an arrest was going to occur based on the totality of the circumstances, including the officer's statements. The Supreme Court also noted that while the subjective intent of an officer is usually not relevant in Fourth Amendment analysis, statements made by the officer of his intentions, along with other objective facts, are relevant in the totality of circumstances as to whether an arrest is to occur.

As noted in *Lee*, the officer expressed his intentions, telling Lee he would be issued a citation. As to the objective facts, the officer only suspected Lee was driving without privileges based upon some undescribed prior encounter. The totality of the circumstances there did not suggest that an arrest was to occur. In this case, the officer did not tell Kiepke whether he intended to issue a citation or arrest Kiepke for the driving without privileges violation. While the subjective intent of the officer is, as stated in *Lee*, usually not relevant, the officer here testified that he intended to arrest Kiepke and the objective reasons therefore. Those facts include Kiepke interacting with a woman in a vehicle which had been seen earlier in the day in connection with a drug investigation and the officer's familiarity with that location being frequented for drug sales. The officer knew Kiepke did not have a valid license and was suspended in two states. Kiepke immediately told the officer he was on parole. Under these circumstances, the officer's later testimony that he intended to, and did, arrest Kiepke for driving

without privileges carries weight. As recognized in *Lee*, the arrest exception does not apply when no arrest is going to occur. Here, under the totality of the circumstances, an arrest was going to occur, which distinguishes this case from *Lee*.[1] Therefore, the search incident to arrest exception to the warrant requirement justifies the search of Kiepke's car and person.[2] The district court did not err in ruling that Kiepke is not entitled to suppression of any evidence obtained after the traffic stop.

### III.

### CONCLUSION

Based upon the totality of the circumstance, an arrest was going to occur for Kiepke's traffic violation, and thus, the officer's search of Kiepke's vehicle and person were justified. The district court's order denying Kiepke's motion to suppress is affirmed.

Judge GUTIERREZ and Judge HUSKEY **CONCUR**.

---

[1] Kiepke does not contend that the officer lacked probable cause to arrest for driving without a license. Kiepke does not argue that the officer could not arrest under the limitations in Idaho Code § 49-1404. He asserts only that the search was not incident to arrest because, under the totality of the circumstances, no such arrest was going to occur.

[2] Based on this determination, we need not address Kiepke's argument that the officer lacked reasonable and articulable suspicion that Kiepke was engaged in criminal activity, and therefore, the extension of the traffic stop to investigate possible drug possession was unlawful.