# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 48143

STATE OF IDAHO,

    Plaintiff-Respondent,

v.

OLIVER RABIT YARDLEY,

    Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)

Filed: July 20, 2021

Melanie Gagnepain, Clerk

THIS IS AN UNPUBLISHED
OPINION AND SHALL NOT
BE CITED AS AUTHORITY

---

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Christopher S. Nye, District Judge.

Judgment of conviction for possession of a controlled substance, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

---

HUSKEY, Chief Judge

Oliver Rabit Yardley appeals from his judgment of conviction for possession of a controlled substance. Yardley asserts the district court erroneously denied his motion to suppress the evidence because the officer did not have reasonable suspicion to stop Yardley for a traffic violation or probable cause to arrest him. Because reasonable suspicion supported the traffic stop and probable cause supported the subsequent search incident to arrest, the district court did not err in denying Yardley's motion to suppress and the judgment of conviction for possession of a controlled substance is affirmed.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

The district court made the following factual findings when orally denying the motion to suppress:

1

The facts that I gleaned from that hearing is that Detective Heinrich received an anonymous tip that the defendant possessed meth near Victor's and Mr. Heinrich--excuse me, Detective Heinrich located the defendant, saw the defendant leave the parking lot on his motorcycle when he didn't come to a complete stop before he entered the roadway according to the detective and got a traffic violation. Detective Heinrich advised another officer about the tip and the observation on the traffic--Fisher testifies he knows the defendant from prior encounters and Officer Fisher eventually located and followed the defendant, testified that the defendant didn't put on his turn signal when he turned off the roadway into the Youth Ranch parking lot. He followed there and initiated a traffic stop.

The defendant got off his motorcycle, walked towards the Youth Ranch and came back when Officer Fisher said come back. And Officer Fisher testified that he saw tucked in the defendant's waist or pocket a bulge around his waist and couldn't exactly see what it was but he could see that it was a bulge. Thought it might be a knife or a hammer. He wasn't sure. Then he recognized it as a sap[1], a thumper, whatever you want to call it. Then all the rest of the officers showed up with a canine as well and when he was arrested, they found this sap and also found some suspected methamphetamine on his person.

As a result, Yardley was charged with possession of a controlled substance, Idaho Code § 37-2732(c)(1), with a persistent violator enhancement, I.C. § 19-2514, and was issued citations for, among other offenses, failing to come to a complete stop before leaving a parking lot in violation of I.C. § 49-642, and failing to signal before turning into a parking lot in violation of I.C. § 49-644(2). Yardley pleaded guilty to three charges including failing to come to a complete stop. The failing to signal charge was dismissed. Thereafter, Yardley filed a motion to suppress, arguing that Detective Heinrich did not have reasonable suspicion that Yardley failed to come to a complete stop before leaving a parking lot and Officer Fisher did not have reasonable suspicion that Yardley failed to signal before turning into a parking lot. Copies of the citations for the above traffic offenses, including the disposition on each citation, were entered as exhibits during the suppression hearing. Following the hearing, the district court made the above factual findings and concluded Officer Fisher had reasonable suspicion to stop Yardley for failing to properly signal a left turn and subsequently developed probable cause to arrest him for carrying a concealed weapon. The district court found the subsequent discovery of the methamphetamine was incident to the arrest on the concealed weapon charge and, thus, denied Yardley's motion to suppress.

Yardley entered into a plea agreement wherein he agreed to enter a conditional guilty plea to the charge of possession of methamphetamine, reserving his right to appeal the denial of his

---

[1]     A "sap" is a bludgeoning device used as a battering weapon.

2

motion to suppress. The district court accepted Yardley's guilty plea, entered a unified sentence of four years, with a minimum period of incarceration of two years, suspended the sentence, and placed Yardley on probation. Yardley timely appeals.

## II.

## STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

## III.

## ANALYSIS

Although Yardley does not challenge any of the district court's factual findings, he nonetheless argues that the court erroneously concluded there was reasonable suspicion to initiate the traffic stop and probable cause to arrest him. The State argues that in light of the unchallenged factual findings, the district court's legal conclusions are correct and should be affirmed.

A traffic stop by an officer constitutes a seizure of the vehicle's occupants and implicates the Fourth Amendment's prohibition against unreasonable searches and seizures. *Delaware v. Prouse*, 440 U.S. 648, 653 (1979); *Atkinson*, 128 Idaho at 561, 916 P.2d at 1286. Under the Fourth Amendment, an officer may stop a vehicle to investigate possible criminal behavior if there is a reasonable and articulable suspicion that the vehicle is being driven contrary to traffic laws. *United States v. Cortez*, 449 U.S. 411, 417 (1981); *State v. Flowers*, 131 Idaho 205, 208, 953 P.2d 645, 648 (Ct. App. 1998). The reasonableness of the suspicion must be evaluated upon the totality of the circumstances at the time of the stop. *State v. Ferreira*, 133 Idaho 474, 483, 988 P.2d 700, 709 (Ct. App. 1999). The reasonable suspicion standard requires less than probable cause but more than mere speculation or instinct on the part of the officer. *Id*. An officer may draw reasonable inferences from the facts in his or her possession, and those inferences may be drawn from the

3

officer's experience and law enforcement training. *State v. Montague*, 114 Idaho 319, 321, 756 P.2d 1083, 1085 (Ct. App. 1988).

Mindful of the district court's factual findings, Yardley argues that Officer Fisher may not have seen Yardley use a proper hand signal to indicate he was turning; consequently, there was no basis for Officer Fisher to stop Yardley. Yardley's speculative version of events is insufficient for this Court to set aside the factual findings made by the district court, as the Court will not substitute its view for that of the trier of fact as to the credibility of the witnesses, the weight to be given to the testimony, and the reasonable inferences to be drawn from the evidence. *State v. Flowers*, 131 Idaho 205, 207, 953 P.2d 645, 647 (Ct. App. 1998). After hearing the testimony and reviewing the other evidence in the case, the district court found Yardley failed to properly signal a left-hand turn which is a traffic violation. Officer Fisher observed the traffic violation, thus, he had a reasonable, articulable suspicion that Yardley was driving contrary to the traffic laws. As a result, the district court did not err in concluding that reasonable suspicion justified the traffic stop.

Yardley further argues Officer Fisher did not have probable cause to arrest Yardley for the misdemeanor offense of carrying a concealed weapon without a permit, in violation of I.C. § 18-3302(21). Probable cause is the possession of information that would lead a person of ordinary care and prudence to believe or entertain an honest and strong presumption that a person they have placed under arrest is guilty of a crime. *See State v. Julian*, 129 Idaho 133, 136, 922 P.2d 1059, 1062 (1996). Probable cause is not measured by the same level of proof required for conviction. *Id*. Rather, probable cause deals with the factual and practical considerations on which reasonable and prudent persons act. *Brinegar v. United States*, 338 U.S. 160, 175 (1949); *Julian*, 129 Idaho at 136, 922 P.2d at 1062. When reviewing an officer's actions, the court must judge the facts against an objective standard. *Julian*, 129 Idaho at 136, 922 P.2d at 1062. That is, would the facts available to the officer, at the moment of the seizure or search, warrant a reasonable person in holding the belief that the action taken was appropriate. *Id.* A probable cause analysis must allow room for mistakes on the part of the arresting officer but only the mistakes of a reasonable person acting on facts which sensibly led to his or her conclusions of probability. *State v. Kerley*, 134 Idaho 870, 874, 11 P.3d 489, 493 (Ct. App. 2000).

Officer Fisher testified that during the traffic stop, he noticed a bulge in the area surrounding Yardley's back pocket. Officer Fisher asked Yardley about the bulge and Yardley pulled out the item that was covered. Officer Fisher recognized the item as a "sap," which he

4

testified is a "bludgeonary device used to batter people to death possibly or cause serious bodily harm." The district court found that the sap was a deadly weapon and that it was concealed in violation of I.C. § 18-3302. Yardley does not challenge these findings, but asserts that Officer Fisher was not credible. As discussed above, this Court will not substitute its view for that of the district court as to the credibility of the witnesses. In light of the factual and credibility determinations made by the district court, the court did not err in concluding that Officer Fisher had probable cause to arrest Yardley for carrying a concealed weapon.

## IV.

## CONCLUSION

The district court did not err in holding that Officer Fisher had reasonable suspicion to stop Yardley for a traffic violation and then developed probable cause to arrest Yardley for carrying a concealed weapon. Consequently, the district court did not err in denying Yardley's motion to suppress and the judgment of conviction is affirmed.

Judge GRATTON and Judge BRAILSFORD **CONCUR**.